E. L. WALLACE, Petitioner,

*v.*

STATE OF TENNESSEE, Respondent.

443 S.W.2d 656

(*Knoxville,* September Term, 1968.)

Opinion filed July 18, 1969.

WALTER GILBERTSON & CLAIBORNE, Knoxville, JOHN T. GILBERTSON, Knoxville, of counsel, for petitioner.

GEORGE F. McCANLESS, Attorney General, and LANCE D. EVANS, Assistant Attorney General, Nashville, for respondent.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

Harlan Ray Moore and Fred David Garland were convicted of burglary in the third degree in the Knox County Criminal Court and were sentenced to not less than three years nor more than eight years in the penitentiary.

On September 5, 1966, petitioner, E. L. Wallace, and Clyde Nelson, who were at the time operating a partnership under the name of Nelson Bonding Company, executed an appearance bond to this Court on their appeal. Each bond was in the principal sum of $3,000.00.

The convictions were affirmed in an opinion by Mr. Justice Dyer and released on June 5, 1967. Defendants did not appear as required and a conditional forfeiture was entered against them and their sureties on October 6, 1967.

Final forfeitures were entered on January 11, 1968, as to defendants and the Nelson Bonding Company.

A scire facias was issued against both defendants and their sureties. In October, 1968, the writs were returned nulla bona. On December 19, 1968, an alias scire facias was issued and a garnishment in aid thereof was served on the Hamilton National Bank of Knoxville, and the sum of $6,842.20 of the account of E. L. Wallace was attached and paid to the Clerk of this Court on January

10, 1969. The amount represented the principal. of the bonds, interest and court costs.

On January 3, 1969, petitioner filed a petition in this Court seeking to be exonerated of the principal and interest on the forfeited bonds.

■ While we realize we have the discretion to exonerate a bondsman in toto or lessen the amount of forfeiture, when a petition for such action is timely filed showing merit; we do not think we have that authority after final judgment, execution and collection of the forfeiture.

"Relief may be granted under Section 5283 (T.C.A. sec. 40-1304) after final judgment, and thus until payment the sureties have an inducement to continue their efforts to apprehend the fugitive." *State v. Frankgos,* 114 Tenn. 76, 85 S.W. 79 (1904).

■ Conditional forfeitures were entered in October, 1967. Petitioner did nothing towards preventing final forfeitures to be entered against him. He did nothing to assist the State in locating the whereabouts of defendants. His petition was not filed until his bank account was attached; and, therefore, too late for us to act.

This record shows the Clerk of this Court did a great amount of work in locating the whereabouts of the defendants and enforcing the forfeitures for which he should be commended.

In the light of this record, should we exonerate petitioner, or even lessen his obligation, would, we think, be an arbitrary gesture in favor of petitioner and against the people of this State. The obligation of a bail bond is not an idle form. Bail is required and made for the purposes therein expressed.

"A wise and sound public policy requires a rigid enforcement of these bonds when breached." *State v. Frankgos,* et al., supra.

The petition is denied at the cost of petitioner.

BURNETT, CHIEF JUSTICE, and DYER, CRESON and HUMPHREYS, JUSTICES, concur.