# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 13, 2001

## IN RE: SPEEDY RELEASE BAIL BONDS[1]

**Direct Appeal from the Circuit Court for Madison County**
**No. 99-472     Donald H. Allen, Judge**

---

**No. W2000-02260-CCA-R3-CD - Filed January 23, 2002**

---

The appellant, Speedy Release Bail Bonds, appeals the order of the Madison County Circuit Court denying its motion for reimbursement of a forfeited bail bond. Following a review of the record and the parties' briefs, we reverse the judgment of the trial court and remand this case for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Remanded**

JOE G. RILEY, J., delivered the opinion of the court, in which CORNELIA A. CLARK, SP. J., joined. NORMA MCGEE OGLE, J., filed a separate opinion concurring in part and dissenting in part.

Marcus M. Reaves, Jackson, Tennessee, for the appellant, Speedy Release Bail Bonds.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The issues in this case are as follows: when a bondsman pays into court the full amount of the bond forfeiture <u>after</u> entry of the conditional judgment, issuance of the *scire facias*, and expiration of the 180-day period, (1) can the bondsman later seek reimbursement; and, if so, (2)

---

[1]In compliance with Tenn. R. App. P. 30(b)(2) and (d)(2), the parties have styled their pleadings before this court "State of Tennessee v. Keith Mayfield, Jr." and have simply added the name of the appellant and its status before this court. Tenn. R. App. P. 30 provides that papers addressed to this court should contain a caption setting forth the title of the case as it appeared in the trial court. In this case, documents relating to the bail bond forfeiture proceedings were styled in accordance with the underlying criminal case. Notwithstanding the style of the case in the trial court and because Speedy Release Bail Bonds, rather than Mr. Mayfield, is the appellant in these proceedings, we have styled this opinion "In re: Speedy Release Bail Bonds."

which statute governs the proceeding seeking reimbursement?  We answer the first query in the affirmative and, as to the second query, conclude that Tenn. Code Ann. § 40-11-204(a) governs the proceeding.  We remand to the trial court for further proceedings pursuant to Tenn. Code Ann. § 40-11-204(a).

## I.  Factual Background

The instant case arose in 1999 from the criminal prosecution of Keith Mayfield, Jr.  Bail was set in the amount of $10,000, and on March 29, 1999, the appellant, Speedy Release Bail Bonds, agreed to secure Mayfield's appearance.  On July 6, 1999, a Madison County Grand Jury indicted Mayfield, and the trial court scheduled his arraignment for July 13, 1999.  Mayfield, however, failed to appear for his arraignment, and on July 16, 1999, the trial court entered a conditional judgment of forfeiture against both Mayfield and the appellant, issuing a capias for Mayfield's arrest and a writ of *scire facias* for the appellant.  The Madison County Sheriff's Department served the appellant with the writ of *scire facias* on July 26, 1999, thereby notifying the appellant that the conditional judgment would be made final unless the appellant appeared before the court within 180 days to show cause "to the contrary."  The appellant failed to appear or file anything with the court within 180 days.  In response to a letter from the Circuit Court Clerk dated January 25, 2000, advising appellant to pay the bond within ten days or its bond authority would be revoked, the appellant paid the bail bond on February 3, 2000, which was after the 180-day period.  No final judgment was entered.

The appellant filed nothing until July 26, 2000, almost six months after paying the forfeiture, when it filed a motion in the Madison County Circuit Court requesting reimbursement of the forfeited bail bond.  The appellant alleged it had discovered that Mayfield had been incarcerated in Wilmington, North Carolina, between December 8, 1999, and June 1, 2000, at which time he had been transferred to the custody of law enforcement authorities in Madison County and had pled guilty to the pending charges.  There was no affidavit or documentation attached to the motion which established Mayfield's being in custody in North Carolina.  The appellant alleged in its motion that it had exercised due diligence in attempting to locate Mayfield prior to its payment of the bail bond.  In particular, the appellant alleged that it had hired two bounty hunters to locate Mayfield, and one of the bounty hunters had located Mayfield in North Carolina prior to his incarceration in Wilmington.  Appellant alleged that because the outstanding capias in Madison County had not yet been registered with the National Crime Information Center (NCIC), the bounty hunter was forced to release Mayfield in order to avoid prosecution for kidnapping.  Thereafter, the appellant was unable to locate Mayfield and paid the bail bond forfeiture of $10,000.

The trial court conducted a hearing on the appellant's motion where Shawki Madyun, a representative of the appellant, testified concerning facts alleged in the motion.  Again, no affidavit or documentation concerning Mayfield's custodial status in North Carolina was introduced.  At the conclusion of the hearing, the trial court denied the appellant's motion, concluding that the appellant had "waited too late" to request reimbursement.  The appellant now appeals the trial court's denial of relief.

## II. Analysis

Tenn. Code Ann. § 40-11-201(a) (1997) authorizes a trial court to enter a conditional judgment of forfeiture against a defendant and his sureties when a defendant fails to appear in court in accordance with a bail bond agreement. See also Tenn. Code Ann. § 40-11-139(a) (1997). The trial court then issues a writ of *scire facias* or otherwise provides notice to the defendant and his sureties in conjunction with the conditional judgment. Tenn. Code Ann. § 40-11-202 (1997); see also Tenn. Code Ann. § 40-11-139(a). A surety has 180 days from the date it is served with the *scire facias* to produce the defendant; otherwise, "the court may enter [final] judgment." Tenn. Code Ann. § 40-11-139(b).

The applicable statutes provide sureties with several avenues of relief from the liability of forfeiture. First, Tenn. Code Ann. § 40-11-132 (1997) provides that, "[a]t any time before the forfeiture of their undertaking, the bail bondsman or surety may surrender the defendant in their exoneration, or the defendant may personally surrender to the officer." Moreover, "[a]fter the liability of the bail bondsman or surety has become fixed by forfeiture, and before payment," a surety may obtain relief under Tenn. Code Ann. § 40-11-203(a) (1997) by the surrender of the defendant and the payment of all costs. Under the latter statute, the degree to which the surety is released from liability is left to the sound discretion of the trial court. *Id*. at (b).

In addition to the above statutes, Tenn. Code Ann. § 40-11-201(b) prohibits the entry of a "forfeiture or conditional forfeiture" when a surety is unable to surrender a defendant due to the defendant's incarceration in a jail, workhouse, or penitentiary; provided, the surety furnishes the trial court "a sworn affidavit of the jailer, warden, or other responsible officer" verifying defendant's incarceration.

Finally, and importantly, Tenn. Code Ann. § 40-11-204(a) (1997) provides in pertinent part that, regardless of whether "final judgment has been entered . . . or the judgment has been paid," (emphasis added), the court

> may receive, hear and determine the petition of any person who claims relief is merited on any recognizances forfeited, and so lessen or absolutely remit the same, less a clerk's commission . . . , and do all and everything therein as they shall deem just and right, and consistent with the welfare of the state, as well as the person praying such relief.

Prior to 1987, this statute did not contain the language "or the judgment has been paid;" thus, it did not authorize relief after the judgment had been paid. See Tenn. Code Ann. § 40-1304 (1982) (predecessor statute to Tenn. Code Ann. § 40-11-204); Wallace v. State, 223 Tenn. 255, 443 S.W.2d 656, 657 (Tenn. 1969) (holding relief was unavailable under Tenn. Code Ann. § 40-1304 after final judgment, execution and collection of forfeiture). In 1987, the statute was amended to specifically authorize relief even after "the judgment has been paid." *See* 1987 Public Acts, Chapter 423.

The discretion granted the trial court under Tenn. Code Ann. § 40-11-204(a) is broad and comprehensive, empowering the trial court to make determinations based on justice and "right." State v. Shredeh, 909 S.W.2d 833, 835 (Tenn. Crim. App. 1995).

Having reviewed the possible statutory bases for relief, we conclude that Tenn. Code Ann. § 40-11-204(a) applies once the forfeiture has been paid in full after expiration of the 180 days. This statute is entitled "Relief on Forfeited Recognizances," and is the only statute which expressly authorizes relief after "the judgment has been paid." The fact that the forfeiture was paid before, or even without, the entry of a "final judgment," does not authorize proceedings, or the possibility of greater relief, under Tenn. Code Ann. § 40-11-201. Tenn. Code Ann. § 40-11-201, entitled "Conditional Judgment on Failure to Appear," provides that "[n]o forfeiture or conditional forfeiture shall be rendered" when it is shown by affidavit that the defendant is prevented from being in court due to mental or physical disability or incarceration elsewhere. (Emphasis added). It does not provide relief once the forfeiture has been paid. We further note that, even if Tenn. Code Ann. § 40-11-201 did apply after payment of the forfeiture, the appellant did not comply with its provisions. An affidavit from a jailer, warden or other appropriate personnel showing defendant was in custody was never filed. See Tenn. Code Ann. § 40-11-201(b).

## III. NECESSITY FOR REMAND

In this case the trial court's findings indicate it did not believe relief was possible once the forfeiture was paid after the 180 days had expired. The trial court did not consider whether any relief should be granted under Tenn. Code Ann. § 40-11-204(a). As stated, the trial court has broad discretion under this statute to determine whether any relief should be granted.

We reverse and remand for another hearing pursuant to Tenn. Code Ann. § 40-11-204(a). It is within the trial court's discretion as to the relief, if any, that should be granted.

                                _____

                                JOE G. RILEY, JUDGE