## A. W. WOOTEN *v.* JESSE DANIEL.

1. APPEAL BOND. *When it gives no right of appeal. Filing of transcript.* Execution of an appeal bond seven months after final judgment rendered in the circuit court, gives no right of appeal, and the filing of a transcript in the Supreme Court, without application for a writ of error, confers no jurisdiction upon the court, and any proceedings had therein upon such transcript are void.

2. ENJOINING JUDGMENT. A court of chancery will enjoin a void judgment as well as any judgment obtained by fraud.

FROM DICKSON.

Appeal from the Chancery Court at Charlotte. G. H. NIXON, Ch.

T. C. MORRIS and F. McNEILLY for complainant.

JACOB LEECH for defendant.

DEADERICK, C. J., delivered the opinion of the court.

Complainant obtained a judgment in the circuit court of Dickson county, in March, 1876, in an action for slander for one cent damages, and the presiding judge gave judgment that he recover one cent cost, and that as to the residue of the cost, each party should pay his own cost. From this judgment no appeal was prayed or granted.

About seven months after said judgment was rendered, to-wit, October 9, 1876, a bond for appeal was executed, and thereupon the clerk sent up a transcript of the said cause to this court. After the lapse of

several years the cause was disposed of by the "Arbitration Court." They reversed the judgment and gave judgment in favor of defendant below for all the costs, and this judgment was made the judgment of this court. Upon this judgment execution was issued, and thereupon this bill was filed to enjoin it perpetually.

The bill recites the facts hereinbefore stated, which are admitted by the answer. It also appears that no writ of error was applied for, or notice given to Wooten, and that he had no notice of the proceedings in said cause after final judgment in the circuit court, until after the issuance of the execution from this court.

The judgment in the circuit court was final and conclusive. No appeal was prayed for, or granted. The execution of the bond for appeal seven months after final judgment, conferred no right of appeal, and the filing of a transcript thereafter in this court, without application for writ of error, conferred no jurisdiction upon this court to review the proceedings had in the lower court. The whole proceeding was a nullity. It is not pretended that the cause was brought up by writ of error, and it is equally certain it was not brought to this court by appeal. There was, therefore, no case between the parties in this court, although a transcript had been filed with the clerk. The cause had been finally determined months before the transcript was filed by defendant. There was, therefore, a judgment wrongfully rendered by a court having no jurisdiction against a party having no notice,

and such a judgment was absolutely void, as repeatedly held by this court: 1 Heis., 29; 7 Heis., 675; 6 Yer., 471; 8 Hum., 491.

And a court of chancery will enjoin such judgment, as well as any judgment obtained by fraud: 8 Hum., 491; 7 Heis., 672; 11 Hum., 522; 1 Head, 229.

The chancellor so held, and the Referees recommend an affirmance of his decree, with a modification, not excepted to, and defendant's exceptions to their report will be set aside, and their report confirmed.