State v. Frankgos et al.

STATE *v.* FRANKGOS *et al.*

(*Nashville.* December Term, 1904.)

1. **SCIRE FACIAS.** Immaterial omission in writ.

A *scire facias,* requiring the sureties upon a forfeited recognizance in a felony case to appear and show cause why judgment final should not be taken against them, will not be quashed because of the omission of the words "in the name of the State" from the commanding part of the writ addressed to the sheriff.

Act cited and construed; 1897, ch. 47.

2. **SAME.** May issue against sureties alone.

A recognizance, with sureties, for the appearance of a defendant in a felony case is a joint and several obligation, and a *scire facias* thereon may issue against the sureties alone, without the principal.

Code cited and construed: Sec. 4484 (S.); sec. 3484 (M. & V.); sec. 2787 (1858).

Cases cited and approved: Brewer v. State, 6 Lea, 199; Davis v. Davis, 5 Lea, 182.

3. **EXONERATION OF BAIL.** Not without surrender of principal, when.

In order to entitle the sureties on a forfeited bail bond to relief under sec. 5180 of the Code (Shan., sec. 7144), it is imperatively required that the body of their principal be produced in court, and under that section no relief can be had without the surrender of the defendant.

Code cited and construed: secs. 5180, 5181 (1858); secs. 6010, 6011 (M. & V.); secs. 7144, 7145 (S.).

4. **SAME.** Not granted by court except in extreme cases.

The power vested in the court by secs. 5182, 5183 of the Code (Shan., secs. 7146, 7147), to relieve against a forfeited recog-

State v. Frankgos et al.

nizance, is to be exercised only in extreme cases, and was not intended to authorize courts to relieve sureties upon bonds and recognizances of parties charged with crime, who have made default and are still at large, merely because the sureties have, in good faith and at much expense, made unavailing efforts to recapture their principal.

Code cited and construed: Secs. 5182, 5183 (1858); secs. 6012, 6013 (M. & V.); secs. 7146, 7147 (S.).

### FROM DAVIDSON.

Appeal from Criminal Court of Davidson County.— W. M. HART, Judge.

J. M. ANDERSON and W. D. COVINGTON, for Jackson & Boyd, Sureties.

ATTORNEY-GENERAL CATES, for the State.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

George Frankgos was indicted for a felony in the criminal court of Davidson county at the November term, 1902, arrested December 16, 1902, and entered into recognizance in the penalty of $2,500, with George E. Jackson and R. F. Boyd as sureties, for his appearance at the next January term of that court.

When the case was regularly reached upon the docket at that term, February 18, 1903, Frankgos was called, but came not, and made default, and thereupon forfei-.

ture was taken upon his recognizance, judgment *nisi* entered against his sureties, and *scire facias* awarded, requiring them to appear at the succeeding term and show cause, if any they had, why final judgment should not go against them. The *scire facias* was duly served upon the sureties, and they appeared and made defense December 14, 1903, and moved to quash the writ upon the ground that it did not conform to the provisions of chapter 47, page 183, of the Acts of 1897, providing a form for *scire facias* in such cases, and because the defendant Frankgos was not included in the writ, which motion was overruled.

Thereupon Jackson and Boyd filed a petition, averring therein that, upon learning of the default of their principal, Frankgos, they had offered a reward of $200 for his arrest, and issued a circular, containing an accurate description and a photograph of Frankgos, and announcing the reward, to the chief of police of every important city and the sheriff of every county in every State of the United States, and had sent special agents and detectives to all places where they had any probable ground to believe that he was hiding, for the purpose of finding and arresting him, and in other ways had, in good faith, made every effort possible to locate and arrest their principal and have him forthcoming in compliance with the terms of the recognizance, but without success; and praying that upon these facts the court exercise the power and discretion conferred upon it by statute (Code, secs. 5180-5183; Shannon's Code, secs.

7144-7147), and relieve them from the penalty of the bond upon payment of costs.

The case was heard upon this petition, the averments of which were admitted to be true, relief denied, and judgment final entered.

They have brought the case to this court, and assigned errors.

The first ground of the motion to quash the *scire facias* is predicated upon the failure of the writ to re-cite, as in the form provided by chapter 47, page 183, of the Acts of 1897, "in the name of the State," in the commanding part, addressed to the sheriff. There is no merit in this point. The statute only requires the writ to be substantially in the form therein set out. This one is issued and runs in the name of the State, and contains every material statement in the form prescribed. It commands the sheriff of Davidson county to notify George E. Jackson and R. F. Boyd that a conditional judgment had been rendered against them in the case of *State* v. *George Frankgos* at the January term, 1903, of the criminal court of Davidson county, for the sum of $2,500 and costs, upon a recognizance of the defendant and themselves as his sureties, and that said judgment would be made final unless they appeared at the next term of said court and showed cause why it should not be done. This complies fully with the statute, and gives the defendants notice of every fact necessary to enable them to make all defenses they may have to a final judgment.

The form of the *scire facias* provided by the act of 1897 was intended to obviate the technical objections that have heretofore been made and sustained to proceedings to enforce bonds and recognizances for the appearance of defendants in criminal cases, by providing that a plain and simple notice of the default and forfeiture, and the time when the sureties are to appear and show cause why judgment final should not be entered against them, shall be sufficient for that purpose; being considered by the general assembly necessary for a more efficient and vigorous enforcement of the criminal law. This is a wholesome statute, and it is the duty of the courts to enforce it according to its spirit.

The other ground of the motion is that the *scire facias* was not issued against Frankgos, but the sureties alone. There is nothing in this. All bonds and recognizances are joint and several, and may be enforced against all or a part of the obligors. Shannon's Code, sec. 4484; *Brewer v. State,* 6 Lea, 199, 203; *Davis* v. *Davis,* 5 Lea, 182.

The sections of the Code under which the relief prayed in the petition is asked are as follows:

"5180. Exoneration of bail. After the liability of the bail has become fixed by forfeiture, and before payment, they may be exonerated from the liability by the surrender of the defendant and the payment of all costs; but may be exonerated from costs also, if, in the opinion of the court, they have been in no fault.

"5181. Discretionary with court. But it is left to

State v. Frankgos et al.

the sound discretion of the court whether they shall be relieved from the liability of bail to any and to what extent.

"5182. Petition for relief on forfeiture—Proceedings. The judges of the circuit and criminal courts may receive, hear, and determine the petition of any person who may conceive that he merits relief on any recognizance forfeited, and so lessen or absolutely remit the same, and do all and everything therein as they shall deem just and right, and consistent with the welfare of the State, as well as the person praying such relief.

"5183. After judgment. This power shall extend to the relief of those against whom final judgment has been entered, as well as to the relief of those against whom proceedings are in progress."

It is clear that this case does not come within section 5180, because the bail have not produced in court the body of their principal. This is imperatively required by this section, and under it no relief can be had without the surrender of the defendant.

Nor do we think a case is made for relief under section 5182. This section is somewhat vague in its terms, and does not provide what must be done in order to entitle the petitioner to relief. We think, however, that, under the most liberal construction that can be given it, the power vested in the court is to be exercised only in extreme cases, such as where the sureties cannot pro-

duce their principal in court on account of his death, or some other condition of affairs, if any can exist, which make it equally impossible for them to surrender him. It certainly was not intended to authorize courts to relieve sureties upon bonds and recognizances of parties charged with crime, who had made default and were still at large, merely because the sureties had, in good faith, and at much expense, made unavailing efforts to recapture them. These obligations are not mere idle forms, but are required and made for the purposes expressed in them. Good faith is not involved. The sureties knowingly and absolutely contract that their principal shall be present at the time in the obligation stated, to answer the State upon the charge preferred against him; and, if they fail to do so, they must comply with the terms of the bond or recognizance. A wise and sound public policy requires a rigid enforcement of these bonds when breached.

It is true that in bailable cases it is to the interest of the State that defendants give bail for their appearance, and that the object of the bond is to secure the appearance of the defendant, and not for the purpose of covering the penalty into the treasury of the State; but it is more important that the party charged with crime be forthcoming for trial, than that the expense of keeping him in prison be avoided, and his appearance can only be made certain by enforcing payment of bonds and recognizances when default is made. To relieve sureties upon the grounds here asked would encourage de-

State v. Frankgos et al.

fendants to forfeit their bail, and bring about a very lax administration of the criminal laws of the State. Relief may be granted under section 5183 after final judgment, and thus until payment the sureties have an inducement to continue their efforts to apprehend the fugitive. The defendants in this case were bond brokers, and received a consideration of $100 for becoming bail for Frankgos, but what is here said also applies to parties who receive no consideration for the liability assumed by them.

There is no error in the record, and the judgment is affirmed, with costs.