L. L. Diehl and R. L. Tutt *v.* W. S. Knight, Sheriff, *et al.*

(*Nashville.* December Term, 1928.)

Opinion filed January 19, 1929.

D. B. Puryear, for complainant, appellant.

Harsh, Harsh & Harsh, for defendant, appellee.

Mr. Justice McKinney delivered the opinion of the Court.

*(1)* The object of the bill was to enjoin executions upon two judgments entered in the criminal court at Memphis, it being alleged that said judgments were void because complainants were not served with legal process.

The complainants were sureties upon two bail bonds, one for $1000 and the other for $250. On November 18, 1924, conditional judgments of forfeiture were entered upon said bonds.

*Scire facias* issued forthwith and a return was made that complainants were not to be ·found.

*Alias scire facias* were then issued and were returned on May 9 and 11, 1925, respectively, executed as to complainants.

Final judgments were entered against complainants on May 18, 1925.

The Chancellor sustained a demurrer to the bill, dismissed it, and, upon a report on reference as to damages, entered a decree for the amount of said bonds, with interest.

A judgment at law, where the defendant was not served with process, is void and will be enjoined in equity. *Ridgeway* v. *The Bank of Tennessee,* 30 Tenn., 523; *Bell* v. *Williams,* 38 Tenn., 229; *Baxter* v. *Erwin,* 1 Shan. Cas., 113; *Wooten* v. *Daniel,* 84 Tenn., 156; *Insurance Co.* v. *Webb,* 106 Tenn., 191.

The pertinent provisions of Shannon's Code are as follows:

Section 7141. ''If the defendant do not appear according to his undertaking, a conditional judgment may be entered against the party and his sureties, or against the defendant alone, in case of a deposit.''

Section 7142. ''A *scire facias* shall issue as heretofore to notify the defendant and his sureties to show cause why such judgment shall not be made final.''

Section 7143. ''When two *scire facias* have been returned 'not found' by the proper officer of the county in which the undertaking was entered into, such returns are equivalent to a personal service, and judgment may be made absolute.''

*(2)* A return of ''not found'' and a false return of ''executed'' is not equivalent to two returns ''not found.''

In *Wash* v. *State,* 43 Tenn., 95, it was said:

"No judgment final can be pronounced, in case of a forfeited bond or recognizance, or in case of a deposit instead thereof, without personal service, the voluntary appearance of the defendant, or the return of two *scire facias,* 'not found.'

(3) "Such are the direct requirements of the Statute, and whether it is sustained by a valid reason or not. *Ita lex scripta est,* and we are bound by it."

In *Payne* v. *State,* from Hamilton County, decided at Nashville on December 22, 1928, Payne was convicted of obtaining $5 by the use of a worthless check. The three days written notice, provided by the statute, was not mailed to Payne. The trial court held that actual notice was sufficient. The case was reversed, the court quoting approvingly from 20 R. C. L., 343, as follows: "Where a specified mode of giving notice is prescribed by statute that method is exclusive."

(4) In *Cole* v. *Warner,* 93 Tenn., 159, the court pointed out the distinction between a bail bond and a recognizance and held that, with respect to the former, it is but an evidence of debt, for the recovery of which an action must be brought.

(5) Counsel for the defendants insist that the criminal court had jurisdiction to grant the relief sought under section 7146 of Shannon's Code, and that since the petition does not show merit the chancery court will not take jurisdiction of the case. This provision of the Code is as follows:

"The judges of the circuit, criminal, and Supreme Court may receive, hear, and determine the petition of any person who may conceive that he merits relief on any recognizances forfeited, and so lesson or absolutely

remit the same, and do all and everything therein as they shall deem just and right, and consistent with the welfare of the State, as well as the person praying such relief.''

In *Black* v. *State,* 154 Tenn., 88, it was held that this statute was discretionary or permissive and not mandatory. Hence, it confers no legal rights upon sureties.

In *State* v. *Frankgos, et al.,* 114 Tenn., 83, it was held that the power vested by the statute should be exercised only in extreme cases. The purpose of the statute was to relieve in cases of hardship where justice requires it and where liability was fixed or unquestioned, and has no application to a cause of this character.

We are, therefore, of the opinion that the criminal court had no jurisdiction to relieve complainants upon the ground that they were not served with process.

*(6)* There is another rule of law which would prevent complainants from obtaining the relief sought in the criminal court; namely, if, in fact, they were not served with process, the sheriff having made return that they were, it has become a record, and cannot be averred against, in the criminal court; and, if false, the remedy of the complainants is an action for a false return or by bill in equity to enjoin the judgment. *McBee* v. *The State,* 19 Tenn., 122; *Ridgeway* v. *The Bank of Tennessee, supra; Baxter* v. *Erwin, supra; Insurance Co.* v. *Webb, supra.*

Our conclusions are that if, in fact, the *scire facias* was not served on the complainants they would be entitled to the relief asked for in their bill.

It follows that the decree of the Chancellor will be reversed, and the cause remanded for answer and a hearing upon the merits.