**STATE of Tennessee, Appellee,**

v.

**Sofian Yousee SHREDEH, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

March 23, 1995.

Permission to Appeal Denied by Supreme Court Sept. 5, 1995.

Russell J. Bean, Chattanooga, for AAA Bonding Company; Ace Bonding Company; Brainerd Bonding Company; Rayburn Bonding Company; and Griffin Bonding Company.

Charles W. Burson, Attorney General and Reporter, Nashville, Christina S. Shevalier, Assistant Attorney General, Nashville, Bates Bryan, Jr., Asst. District Attorney General, Chattanooga, for Appellee.

*OPINION*

WADE, Judge.

The defendant, Sofian Yousee Shredeh, was indicted on three counts of aggravated assault, one count of aggravated kidnapping, and one count of unlawful possession of a weapon. The trial court granted bail in the amount of $50,000.00 and Triple A Bonding Company, Ace Bonding Company, Brainerd Bonding Company, Rayburn Bonding Company, and Griffin Bonding Company jointly agreed to secure the appearance of the defendant. The defendant appeared at a preliminary hearing and at a subsequent arraignment. He failed, however, to appear for trial and apparently fled to Jordan, his native country. The trial court entered orders of forfeiture against each of the bonding companies. Thereafter, the bonding companies filed petitions for relief. At the conclu-

sion of a hearing, the trial court ordered a partial forfeiture in the amount of $30,000.00, $6,000.00 for each of the five companies involved.

In this appeal, the bonding companies claim that they should have been altogether relieved of responsibility. The state contends that the trial court's judgment should be affirmed, but modified to include the payment of a $1,000.00 clerk's commission pursuant to Tenn.Code Ann. § 40–11–204. We find no error and affirm the judgment of the trial court. The cause is remanded, however, for consideration of any commission payable to the clerk.

Stephen Paul Hixson of Triple A Bonding Company testified that he had made bond on behalf of the defendant on four prior misdemeanor charges between January 21, 1992, and May 2, 1993. The defendant, an engineer for a carpet mill in Dalton, Georgia, paid his premiums on each bond and appeared in court as required. After the arrest on these felony charges, Hixson made arrangements with each of the five companies for the $50,000.00 bail bond. The premium of $5,000.00 was split five ways. When the defendant failed to appear for trial, Hixson and Larry Zinc of Ace Bonding Company went to the defendant's residence, found his wife, and learned that he had fled the country. Apparently, immigration service officials had been notified of the felony charges and would have likely taken some action. Hixson posted a $10,000.00 reward and then discovered from governmental officials that the United States did not have an extradition agreement with Jordan. The State Department advised Hixson that they could provide him no protection from prosecution in Jordan if he travelled to that country and attempted to forcibly return the defendant to the United States.

Shortly before the hearing on this petition, Hixson was contacted by a Jordanian citizen who claimed that he would return the defendant to the United States "within twenty-four hours if we were willing to pay the price." Hixson declined due to liability risks.

Hixson estimated that he had spent "a few hundred dollars for phone calls" and "numerous hours" in time attempting to secure the defendant's return. Hixson characterized the defendant's departure as an attempt to avoid prosecution. He admitted that he was unaware as to whether the defendant was a United States citizen at the time he made bail.

Larry Zinc of Ace Bonding Company confirmed that he and others had made extensive efforts to locate the defendant and secure his return for prosecution. A fugitive warrant was issued and Zinc sent a $10,-000.00 reward poster to Jordan. Zinc claimed that the defendant's father, a physician, is a general in the Jordanian army and that his grandfather is a friend of the King. Zinc stated that the defendant had returned to Jordan to avoid deportation and the humiliation incident to a possible conviction.

■ The bonding companies concede that a petition for the remission of a forfeited bond can only be granted in the most extreme cases. They do assert, however, that the failure on the part of the United States to have an extradition treaty with Jordan made the return of the defendant a practical impossibility.

The forfeiture of bail is governed by statute. Tenn.Code Ann. §§ 40–11–201 through –215. When the defendant fails to appear as required, the issuance of a scire facias requires sureties to give reasons why a forfeiture of bail should not become final. Tenn.Code Ann. § 40–11–202. Trial courts have the discretion to relieve bail bondsmen or other sureties from the liability of bail and are authorized to hold hearings to determine whether the forfeiture should be excused, lessened, or absolutely remitted. Tenn.Code Ann. § 40–11–204. The discretion has been described as broad and comprehensive, empowering trial courts to make determinations "in accordance with [its] conception of justice and right." *Black v. State,* 154 Tenn. 88, 92, 290 S.W. 20, 21 (1927).

■ The statute is permissive and extends no particular rights upon the sureties. *Diehl v. Knight,* 158 Tenn. 246, 12 S.W.2d

717 (1929). The authority to relieve sureties from liability may only be exercised in extreme cases, such as the death of the defendant or some other condition making it impossible for sureties to surrender the defendant; the good faith effort made by the sureties or the amounts of their expense are not excuses. *State v. Frankgos,* 114 Tenn. 76, 85 S.W. 79 (1904); *State v. LeQuire,* 672 S.W.2d 221 (Tenn.Crim.App.1984).

At the conclusion of the hearing, the trial court made specific determinations of fact, finding that the bail bonding business was risky; that the nationality of the defendant should have been the subject of reasonable inquiry; and that at least one of the participating companies entered into the agreement fully aware that the defendant was not a citizen of the United States. Because the trial court determined that the bonding companies had exercised some diligence, but not enough, before undertaking the risks on such serious charges, it ordered sixty percent of the amount of the bond to be forfeited.

■ These findings made by the trial court are conclusive for appellate purposes unless the evidence preponderates otherwise. Here it does not. Stated simply, the power to excuse a forfeiture only results on account of death "or some other condition of affairs, if any can exist, which make it equally impossible ... to surrender [the defendant]." *Frankgos,* 114 Tenn. at 82, 85 S.W. at 80–81. The petitioning bonding companies failed to meet that burden.

■ The state contends that the trial court should have awarded a $1,000.00 clerk's fee pursuant to the terms of the statute. Tenn.Code Ann. § 40–11–204 (1994). The effective date of the amendment providing for the commission was March 29, 1993. The offense allegedly occurred on May 22, 1993. Because this was not at issue at the hearing, the cause is remanded to the trial court for consideration of this issue.

Accordingly, the judgment is affirmed and remanded.

PEAY and HAYES, JJ., concur.