# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### MAY 1998 SESSION



FILED

**July 24, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9710-CR-00402 |
| Appellee, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable Carolyn Wade Blackett, Judge |
| | ) |
| **ROGER MARTIN/** | ) (Petition for Exoneration of Surety) |
| **LIBERTY BAIL BOND COMPANY,** | ) |
| | ) |
| Appellant. | ) |



FOR THE APPELLANT:

Michael J. Gatlin
Attorney at Law
P.O. Box 27331
Memphis, TN 38167-0331

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Elizabeth T. Ryan
Assistant Attorney General
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General

James J. Challen, III
Assistant District Attorney General
201 Poplar, Suite 301
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

Liberty Bail Bond Company ("Liberty") was the surety on a $750.00 appearance bond for Roger Martin in Bartlett City Court. Martin failed to appear at a scheduled court date. Liberty Bail Bond filed a petition for exoneration of surety in the Shelby County Criminal Court. After a hearing, the court denied the motion. Liberty appeals. The sole issue for our review is whether the trial court abused its discretion in denying the petition. The judgment of the trial court is affirmed.

The bookkeeper for Liberty, Martee Arredondo, was the only witness to testify at the hearing on the appellant's petition. She testified that Liberty "made" an appearance bond for Roger Martin in the amount of $750.00. Martin failed to appear. On September 5, 1995, Liberty received a forfeiture from the Bartlett City Court. A bounty hunter paid by Liberty found Martin. He was rearrested and tendered back to the Bartlett City Court. It appears from the record that the judge reinstated Martin's bond.

Later, Liberty received another forfeiture on Martin's bond for failure to appear. Liberty again rearrested Martin and tendered him to the court. Apparently, the judge again reinstated Martin's bond. Then, Liberty received a third forfeiture notice on Martin in reference to the same bond. Liberty was unable to locate Martin. As a result, Liberty received a demand for payment from the City of Bartlett. Apparently, Liberty filed a petition for exoneration in the Bartlett City Court. The trial court denied the petition. Liberty appealed to the Shelby County Criminal Court. The court denied the petition.

> The forfeiture of bail is governed by statute. Tenn. Code Ann. §§ 40-11-201 through -215. When the defendant fails to appear as required, the issuance of a scire facias requires sureties to give reasons why a forfeiture of bail should not become final. Tenn.Code Ann. § 40-11-202. Trial courts have the discretion to relieve bail bondsmen or other sureties from the liability of bail and are authorized to hold hearings to determine whether the forfeiture should be excused, lessened, or absolutely remitted. Tenn.Code Ann. § 40-11-204. The discretion has been described as broad and comprehensive,

empowering trial courts to make determinations 'in accordance with [its] conception of justice and right.' Black v. State, 154 Tenn. 88, 92, 290 S.W. 20, 21 (1927).

The statute is permissive and extends no particular rights upon the sureties. Diehl v. Knight, 158 Tenn. 246, 12 S.W.2d 717 (1929). The authority to relieve sureties from liability may only be exercised in extreme cases, such as the death of the defendant or some other condition making it impossible for sureties to surrender the defendant; the good faith effort made by the sureties or the amounts of their expense are not excuses. State v. Frankgos, 114 Tenn. 76, 85 S.W. 79 (1904); State v. LeQuire, 672 S.W.2d 221 (Tenn. Crim. App.1984).

[T]he power to excuse a forfeiture only results on account of death 'or some other condition of affairs, if any can exist, which make it equally impossible ... to surrender [the defendant].' Frankgos, 114 Tenn. at 82, 85 S.W. at 80-81.

State v. Shredeh, 909 S.W.2d 833, 836 (Tenn. Crim. App. 1995).

In Shredeh, the defendant fled to Jordan. The United States did not have an extradition treaty with Jordan. Finding that the bonding companies knew that the defendant was not a United States citizen, the court granted exoneration from only a portion of the total forfeiture. Id.

The policy behind only granting relief in extreme cases was stated in Frankgos:

The sureties knowingly and absolutely contract that their principal shall be present at the time in the obligation stated, to answer the state upon the charge preferred against him; and if they fail to do so, they must comply with the terms of the bond or recognizance. A wise and sound public policy requires a rigid enforcement of the bonds when breached.
... To relieve sureties upon the grounds here asked would encourage defendants to forfeit their bail, and bring about a very lax administration of the criminal laws of the state.

85 S.W. at 81; see State v. LeQuire, 672 S.W.2d 221, 222 (Tenn. Crim. App. 1984).

In denying the petition, the trial court found that there was not enough evidence in the record to grant the petition. The court noted that there was nothing in the record to explain why the city court continued to let Martin out on bond despite his failure to appear on two occasions. Liberty argued that it was

not their responsibility to subpoena a representative of the Bartlett City Court. Liberty argued that the court should grant its petition because despite notice, the city court failed to appear at the hearing before the circuit court. The bonding company has the burden of proving that its petition for exoneration should be granted. To make the record clearer, Liberty should have presented evidence to explain why the city judge released Martin after his two failures to appear. Liberty cites Blankenship v. State, 443 S.W.2d 442 (Tenn. 1969) in support of its petition. We read Blankenship to support exoneration when a defendant is in custody at the time that he or she is scheduled to appear. Although Liberty rearrested Martin twice, he was not in custody at the time of his third failure to appear. Therefore, Blankenship is inapplicable to the facts of the present case.

The trial court's findings are conclusive for appellate purposes unless the evidence preponderates otherwise. Shredeh, 909 S.W.2d at 836. The evidence does not preponderate against the trial court's findings. We do not understand why Martin would have been released on bond after failing to appear twice. Although Liberty has expended time and money securing the presence of Martin twice, the evidence in the record does not establish that this is an extreme case as contemplated by the court in Shredeh. Liberty has failed to present a compelling reason as to why the defendant cannot be found.

The judgment of the trial court is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____

-4-

JOHN H. PEAY, Judge

_____
THOMAS T. WOODALL, Judge