IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 14, 2009

## STATE OF TENNESSEE v. JOSE E. BEJAR, In re: LIBERTY BONDING COMPANY

**Direct Appeal from the Criminal Court for Shelby County**
**No. 96-09624     Chris Craft, Judge**

---

**No. W2008-01369-CCA-R3-CD   -   Filed March 10, 2010**

---

The petitioner, Liberty Bonding Company, appeals the Shelby County Criminal Court's denial of its request to return the $5000 paid as a final forfeiture on the bond for the defendant, Jose E. Bejar. The defendant violated his bond agreement in 1996, and the petitioner paid the final forfeiture in 1997. Some ten years later, the State dismissed the pending charges against the defendant. On appeal, the petitioner challenges the trial court's denial because: (1) there was no written final order of forfeiture entered; and (2) the language of Tennessee Code Annotated section 40-11-133(c) (2006) prohibits the State from dismissing the underlying charges. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Michael J. Gatlin, Memphis, Tennessee, for the appellant, Liberty Bonding Company.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; William L. Gibbons, District Attorney General; and Alanda Dwyer and Thomas Henderson, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

In June of 1996, the petitioner posted a $5000 bail bond for the defendant.

Subsequently, the defendant was bound over to the grand jury and, in September, indicted by a Shelby County grand jury for possession of a controlled substance with intent to manufacture, sell, or deliver. On October 29, 1996, the defendant failed to appear in court.

In January of 1997, the petitioner unsuccessfully attempted to extradite the defendant from Texas. The petitioner then petitioned the court to relieve them of their liability pursuant to the bond or, in the alternative, to place a NCIC hold on the defendant. The court denied the petitioner's request and, after multiple reviews of the matter, declared a final forfeiture on the bond. The forfeiture was declared orally in court, and no written order was entered. No appeal was taken, and, in June of 1997, the petitioner paid the forfeiture.

More than ten years later, in July of 2007, the State entered a *nolle prosequi* of the underlying criminal charges filed against the defendant. This dismissal had the effect of recalling the warrant or *capias* issued for the defendant's failure to appear, and it removed the case from the court's docket. Thereafter, in April of 2008, the petitioner filed the instant "Petition for Return of Forfeiture." A hearing was held, at which no testimony was elicited regarding the defendant's whereabouts or any efforts taken by the petitioner to locate the defendant. By written order, the trial court denied the petition, finding that: 1) the forfeiture was finalized in the court's minutes; and (2) despite the language of Tennessee Code Annotated section 40-11-113(c), the court retained broad discretion in bond matters and that dismissal of the charges was necessary to prevent expenditure of judicial resources on cases too old to be prosecuted. The petitioner timely appealed to this court.

**Analysis**

In asserting that the trial court erred in denying its petition to return the $5000 forfeiture paid, the petitioner states two arguments. First, he contends that it is entitled to relief because the trial court failed to enter a written order of forfeiture in 1997. Second, he contends that it is entitled to a return of the forfeiture because the State, by virtue of Tennessee Code Annotated section 40-11-113(c), was precluded from dismissing the charges pending against the defendant.

The forfeiture of bail bonds is governed by Tennessee Code Annotated sections 40-11-201 through 40-11-215. After a forfeiture occurs, the surety is required to seek relief pursuant to Tennessee Code Annotated section 40-11-204, which provides:

> the judges of the general sessions, circuit, criminal and supreme courts may receive, hear and determine the petition of any person who claims relief is merited on any recognizances [or bail bonds] forfeited, and so lessen or absolutely remit the same, less a clerk's commission . . . , and do all and

everything therein as they shall deem just and right, and consistent with the welfare of the state, as well as the person praying such relief.

*State v. William Bret Robinson*, No. E1999-00950-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Aug. 28, 2000). This court has previously noted that a trial court's discretion under section 40-11-204 is "broad and comprehensive, empowering trial courts to make determinations 'in accordance with [their] conception of justice and right.'" *State v. Shredeh*, 909 S.W.2d 833, 835 (Tenn. Crim. App. 1995). Thus, in reviewing a trial court's determinations regarding matter of forfeitures, we apply an abuse of discretion standard. *Id*. Under an abuse of discretion standard, this court grants the trial court the benefit of its decision unless the trial court "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an in justice to the party complaining." *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997); *see also State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999).

Our supreme court has narrowly circumscribed the circumstances in which a trial court possesses the authority to grant relief pursuant to Tennessee Code Annotated section 40-11-204. The court stated that:

> [t]he authority to relieve sureties from liability may only be exercised in extreme cases, such as the death of the defendant or some other condition making it impossible for sureties to surrender the defendant; the good faith effort made by the sureties or the amounts of their expense are not excuses.

*Shredeh*, 909 S.W.2d at 836.

As an initial matter, the petition relies upon the fact that no written order of final forfeiture was entered in this case. The petitioner is correct that the current version of Rule 58 of the Tennessee Rules of Civil Procedure requires that all orders for final judgments be in writing and, further, that the rule is applicable to matters involving bail bond companies. *State v. Lynch, In re: X-Cell Bonding Company*, No. E2005-01362-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Nov. 2, 2006). Moreover, the petitioner is correct that no final written order was entered in this case. However, we are somewhat unclear as to how this advances the petitioner's argument for return of the forfeited bond. In its brief, the petitioner states that "the absence of an Order of Final Judgment does not negate the Petitioner's position . . . [but] rather reinforces the need to return them to the position they were in prior to the payment of the forfeiture for now due to the action of the state in dismissing the case and recalling the warrant, they cannot ever be returned to their original position." The fact that no written order was entered has no bearing on the issue of whether funds should not be returned. From review of the trial court's comment, we can ascertain that the lack of a

written order in the record had no bearing upon the trial court's ruling to deny return of the funds. Moreover, the order of forfeiture was read on the minutes of the court, and, further, was signed by the trial judge. No appeal was taken, and the forfeiture was voluntarily paid by the petitioner. This court has held that the absence of a written order is not fatal when the record contains a minute entry disposing of the matter. *State v. Perry A. March*, No. M2006-02732-CCA-R3-CD (Tenn. Crim. App., at Nashville, July 15, 2008), *perm. to appeal denied*. (Tenn. May 26, 2009).

The main contention of the petitioner's argument seems to be that it is entitled to relief in the form of a return of its forfeiture because the State was precluded from dismissing the original charges against the defendant in violation of Tennessee Code Annotated section 40-11-133(c). The petitioner asserts that the State, by its action, has, in essence, destroyed the petitioner's ability to apprehend the defendant, return him for justice, and possibly receive a refund of its bond forfeiture pursuant to Tennessee Code Annotated section 40-11-204. The petitioner contends that the relevant section is not ambiguous or open to interpretation and should be enforced as written. On the contrary, the State argues that the capias issued for failure to appeal remains in effect following the dismissal of the underlying charges against the defendant and, further, that the State retains the discretion to dispose of pending cases. Finally, the State raises the defense of laches, asserting that the petitioner failed to take action for ten years. After review, we reject both arguments.

The relevant statutory provision in question provides that:

> Any capias issued pursuant to a forfeit, whether the forfeit is conditional or final, shall remain in full force and effect until the defendant is apprehended and returned to the criminal justice system, and a disposition is entered in the defendant's case.

T.C.A. § 40-11-133(c). The petitioner's argument, as noted, is that the State was precluded from dismissing the underlying criminal charges because doing so had the effect of invalidating the capias issued, which it claims is prohibited by this statute. We agree with the petitioner that statutory interpretation is required.

It is a basic rule of statutory construction that, in the absence of ambiguity, statutory terms are given their natural and ordinary meaning and that statutes which deal with the same subject matter will be construed together where possible. *State v. Williams*, 690 S.W.2d 517 (Tenn. 1985). Our supreme court has held that:

> [t]he most basic principle of statutory construction is to ascertain and give effect to legislative intent. Legislative intent is to be ascertained whenever

-4-

possible from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language. If the legislative intent is expressed in a manner devoid of contradiction and ambiguity, there is no room for interpretation or constructions, and courts are not at liberty to depart from the words of the statute. Where the language contained within the four corners of the statute is plain, clear and unambiguous, the duty of the courts is simple and obvious, "to say *sic lex scripta*, and obey it."

*Hawks v. City of Westmoreland*, 960 S.W.2d 10, 16 (Tenn. 1997).

While we agree with the petitioner that the wording of the statute appears clear, we cannot agree that the legislature intended that the capias remain in effect forever. To interpret the statute in such a way could lead to absurd results of having unprosecutable cases on the books forever on the remote chance that a bail bondsman might produce the defendant. It is not practical or cost effective for cases, such as the instant one, which are extremely old to be left on a court's docket with no action being taken toward resolution. As noted by the trial court in denying the petitioner's request, cases more than a hundred years old would remain pending, a clearly absurd result. Moreover, to interpret the statute as the petitioner requests could also lead to an issue of separation of powers, as it is the courts that retain control of its dockets and the district attorney's office that retains discretion to decide Which cases it is able to prosecute. After reviewing the record, we conclude that the trial court did not abuse its discretion in denying the petitioner relief.

Additionally, by the petitioner's own argument, even if entitled to relief, the appropriate remedy would be reinstatement of the charges, not return of the forfeiture paid. The petitioner would still be required to surrender the defendant to the court for justice or show some accepted reason for the failure to do so. Again, as noted by the State, the petitioner in this case failed to produce the defendant in more than ten years. No evidence was introduced regarding any continued efforts to locate the defendant or if the petitioner could bring the defendant to justice at this point. We fail to see that the legislature intended to encourage this result, which would require vital resources be employed to prosecute cases which have grown stale.

## CONCLUSION

Based upon the foregoing, the judgment of the Shelby County Criminal Court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE