IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 13, 2010

## STATE OF TENNESSEE v. MAXIMO MARIN
## IN RE:  E-Z OUT BAIL AGENCY

**Direct Appeal from the Circuit Court for Henderson County**
**No. 09-117      Roy B. Morgan, Jr., Judge**

**No. W2009-02228-CCA-R3-CO  - Filed May 9, 2011**

The defendant, Maximo Marin, failed to appear for his scheduled court date, and a conditional forfeiture was issued against E-Z Out Bail Agency in the amount of $100,000. With the final forfeiture date rapidly approaching, E-Z Out Bail Agency filed a motion to extend the final forfeiture date. The issue on appeal is whether the trial court abused its discretion in denying the motion to extend the final forfeiture date.  We conclude the trial court did not abuse its discretion and affirm the judgment from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Stephen M. Milam, Lexington, Tennessee, for the appellant, E-Z Out Bail Agency.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Angela R. Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

E-Z Out Bail Agency made a bond in the amount of $100,000, to secure the appearance of the defendant, Maximo Marin, on criminal charges in the General Sessions Court of Henderson County, Tennessee.  The defendant failed to appear and has not been located.  A conditional forfeiture was taken, and E-Z Out Bail Agency was notified.  The bail agency filed a motion requesting an extension of the final forfeiture date in the General

Sessions Court, which was denied. The bail agency appealed to the Henderson County Circuit Court, and, after a hearing, the motion was again denied. This appeal followed.

At the motion hearing, Mark Barker Alexander testified that he owned E-Z Out Bail bonding agency, which is located in Savannah, Tennessee. He also testified that the agency did make a bond for the defendant in the amount of $100,000, and that the defendant had failed to appear for his scheduled court date. Mr. Alexander went on to describe the efforts he had made to locate the defendant, which included meeting with the Hardin County Sheriff, Tennessee Bureau of Investigation agents, and federal marshals. Mr. Alexander also hired a former bail bonding agent who met with officials in Henderson County and notified immigration officials in Nashville. Mr. Alexander explained that he had pursued every lead but, so far, had been unable to locate the defendant. Afterward, the trial court found that the witness had been very truthful. The trial court said: "You're in a very risky business. It goes real good most of the time, but when one goes bad, and particularly on a large sum of money, it's costly." The trial court went on to find that there was no realistic possibility that the defendant was going to be located, and the request to extend the final forfeiture date was denied.

**Analysis**

The forfeiture of bail is governed by statute. T.C.A. §§ 40-11-201 to -215 (2006). When the defendant fails to appear as required, the issuance of *scire facias* requires sureties to give reasons why a forfeiture of bail should not become final. T.C.A. § 40-11-202. Trial courts have the discretion to grant an extension of a conditional forfeiture or relieve bail bondsmen or other sureties from the liability of a bail. T.C.A. §§ 40-11-201(a), - 204. The discretion has been described as broad and comprehensive, empowering trial courts to make determinations "in accordance with [its] conception of justice and right." *Black v. State*, 290 S.W. 20, 21 (Tenn. 1927); *State of Scarbrough,* 72 S.W.3d 667, 669 (Tenn. Crim. App. 2001) *(quoting State v. Shredeh,* 909 S.W.2d 833, 835 (Tenn. Crim. App. 1995)). Before entry of a final judgment of forfeiture, the trial court must afford the defendant and his sureties a hearing. *In re: Paul's Bonding Co., Inc.,* 62 S.W.3d 187, 193 (Tenn. Crim. App. 2001) (citing *Indem. Ins. Co. of N. Am. v. Blackwell,* 653 S.W.2d 262, 264 (Tenn. Ct. App. 1983)).

On appeal, this court applies an abuse of discretion standard when reviewing the action of the trial court. *In re: Paul's Bonding Co.,* 62 S.W.3d at 193. This court will not disturb the judgment of the trial court unless the trial court "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining." *Id. (*quoting *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997)). "Because the surety has entered into an agreement to assure the presence of the defendant thereby assuming calculated risk in the ordinary course of business, it can rarely be said that

the trial court has abused its discretion by enforcing the terms when there has been a breach of the contract." *State v. Elijah D. Truitt; In re: AB Bonding Company, Inc.,* No. M2005-01226-CCA-R3-CD, 2006 WL 2738876, at *4 (Tenn. Crim. App. Sept. 21, 2006).

In this case, the record supports the trial court's determination. The trial court acknowledged that the bonding company was making efforts to locate the defendant, and it encouraged them to continue. The bonding company could not make any credible assurances to the trial court that the defendant would be found if given additional time, as they had no verifiable information that would lead the trial court to believe that the defendant's apprehension would occur if additional time was granted to the bonding agency.

For the reasons stated above, we conclude that the trial court did not abuse its discretion when it denied the bonding company an extension of time before the entry of a final forfeiture. Therefore, we affirm the judgment from the trial court.

_____
THOMAS T. WOODALL, JUDGE