IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
April 1, 2025 Session

## STATE OF TENNESSEE v. CLAYTON NELVIS
## (IN RE: 1ST OUT BONDING COMPANY)

**Appeal from the Circuit Court for Madison County**
**No. 23-444   Donald H. Allen, Judge**

_____

**No. W2024-00622-CCA-R3-CO**

_____

The Defendant, Clayton Nelvis, was arrested in January 2023, and 1st Out Bonding Company secured his release by executing a bail bond as surety. After the Defendant failed to appear for his initial arraignment, the trial court issued a conditional judgment forfeiting the bail bond. After 180 days, the trial court entered a final judgment of forfeiture when the surety failed to appear for the scheduled hearing. Two weeks later, the surety moved to set aside the final judgment, asserting that it was not liable under Tennessee Code Annotated section 40-11-139(d), which relieves a surety of liability where the defendant is not timely entered into a state or federal fugitive database following a failure to appear. The trial court denied the motion, concluding that the request for relief was untimely. On appeal, the surety contends that the statute extinguished its liability and that the trial court had no authority to enter a final forfeiture. Upon our review, we respectfully disagree and affirm the trial court's judgment.

**Appeal Pursuant to Tenn. Code Ann. § 16-5-108(a)(2);**
**Judgment of the Circuit Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and KYLE A. HIXSON, JJ., joined.

Joel H. Moseley, Jr., Murfreesboro, Tennessee, for the appellant, 1st Out Bonding Company.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Jody S. Pickens, District Attorney General; and Joshua Dougan, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

On January 6, 2023, 1st Out Bonding Company ("the Surety") posted a $7,500.00 bond to secure the Defendant's release following his arrest on theft- and assault-related charges. Six months later, a Madison County grand jury returned an indictment against the Defendant, and the trial court scheduled his arraignment for July 10. The Defendant failed to appear as required, prompting the court to enter a conditional judgment of forfeiture and to issue a capias for his arrest. Three days later, the Surety was served with a writ of scire facias advising it that a conditional judgment of forfeiture had been issued and would become final unless it demonstrated good cause for relief within 180 days.

The Surety made no application to be relieved from the conditional judgment of forfeiture, and the 180-day period expired on January 9, 2024. The trial court set the hearing to enter the final judgment of forfeiture for January 16, 2024, but rescheduled it to January 23 due to inclement weather. At the reconvened hearing on January 23, neither the Defendant nor any representative of the Surety appeared, and the trial court orally entered a final judgment of forfeiture.

About two weeks later, the Surety filed a motion to be relieved of the final judgment of forfeiture, and the trial court held a hearing on that motion on March 4, 2024. At the hearing on its motion, the Surety argued that its liability had been extinguished by Tennessee Code Annotated section 40-11-139(d), asserting that the Defendant had not been entered into the National Criminal Information Center (NCIC) database within ten days of his failure to appear. The State conceded that the Defendant was not entered as a fugitive into the NCIC database until January 31, 2024.

After hearing arguments, the trial court denied the motion, finding that the Surety had failed to appear at the final forfeiture hearing and had not filed its motion for relief until after the expiration of the 180-day statutory period. The court also found that it had orally pronounced the judgment of final forfeiture on January 23, 2024, and that the State's failure to promptly prepare the written order did not negate the finality of the ruling.

2

After the hearing, the trial court denied the Surety's motion to be relieved as being untimely. It issued a written order that was filed by the court clerk on March 27, 2024.[1] The Surety filed a timely notice of appeal thirty days later. *See* Tenn. R. App. P. 4(a).

## STANDARD OF APPELLATE REVIEW

Our supreme court has recognized that "the first question for a reviewing court on any issue is 'what is the appropriate standard of review?'" *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). In this case, the issue is whether the trial court properly denied the Surety's untimely motion for relief from a final judgment of forfeiture. Our supreme court has made clear that "[a]ppellate courts should review a trial court's decision on a request for relief from forfeiture under the abuse of discretion standard." *In re Rader Bonding Co.*, 592 S.W.3d 852, 858 (Tenn. 2019). "However, trial courts must exercise this discretion consistently with other statutory provisions[.]" *Id*. We review questions regarding statutory interpretation de novo with no presumption of correctness afforded to the lower court's conclusions. *See id.*

## ANALYSIS

In this appeal, the Surety challenges the trial court's denial of its motion to be relieved from the final judgment of forfeiture. More specifically, the Surety argues that its liability was extinguished by Tennessee Code Annotated section 40-11-139(d) when the State failed to list the Defendant in a database as a fugitive within ten days of his failure to appear. The State responds that the trial court properly exercised its discretion in denying the Surety's motion to be relieved as untimely because the Surety filed its motion well after the 180-day period and did not attend the final forfeiture hearing. We agree with the State.

---

[1] The trial court purported to enter this order *nunc pro tunc* to January 23, 2024. Although the Surety challenges the trial court's ability to enter the order *nunc pro tunc*, it is not clear from the Surety's argument that it suffered any prejudice or that the entry affects the issues presented in this appeal. In any event, the record is clear that the trial court announced the final judgment of forfeiture on January 23, 2024, and that through oversight or mistake, the written order was not timely entered. Under these circumstances, we find no error in entering the order *nunc pro tunc*. *See, e.g.*, *Blackburn v. Blackburn*, 270 S.W.3d 42, 50 (Tenn. 2008) ("[A]n entry of a judgment *nunc pro tunc* should only be granted when it can be shown by clear and convincing evidence that the judgment sought is the one previously announced. . . . [T]here must be clear and convincing evidence that the court announced its judgment, and, but for clerical error or mistake, the judgment was not filed for entry." (citation omitted)).

## A. BACKGROUND OF BAIL FORFEITURE PROCEEDINGS

To place the Surety's issue in context, it may be helpful to review the typical procedures for forfeiting bail bonds. When an individual is arrested for a non-capital criminal offense, Tennessee law permits the person to be released from custody pending trial. *See, e.g.*, Tenn. Const. art. I, § 15; Tenn. Code Ann. § 40-11-101, *et seq.* That release may occur on the individual's recognizance or may be conditioned upon various measures intended to protect public safety and secure the defendant's appearance in court. *See* Tenn. Code Ann. § 40-11-115(a)(1). One such condition is requiring the defendant to post bail in an amount sufficient to meet those goals. *See id.* § 40-11-116(b)(3).

Once bail is fixed as a condition of release, the defendant may satisfy that condition in several ways, including by depositing the full bail amount with the court clerk or by executing a bail bond. *See* Tenn. Code Ann. §§ 40-11-118(a), -122. A bail bond may be secured through different means, one of which is through an approved professional bondsman acting as surety. *See id.* § 40-11-122(3). When a bondsman assumes that role, he or she guarantees the defendant's appearance in court or, failing that, undertakes to pay the full bail amount on the defendant's behalf. *See In re Sanford & Sons Bail Bonds, Inc.*, 96 S.W.3d 199, 202 (Tenn. Crim. App. 2002).

If a defendant fails to appear in court as ordered, the trial court may declare a forfeiture of the bail bond, thereby obligating the surety to pay the full amount of the required bail. These forfeiture proceedings are governed by a multi-step statutory framework. *See Rader Bonding Co.*, 592 S.W.3d at 859.

### 1. Conditional Judgment of Forfeiture and Writ of Scire Facias

When a defendant fails to appear in court or otherwise comply with the conditions of his bail bond, the court first enters a conditional judgment against the defendant and the defendant's sureties that declares the bail to be forfeited. Tenn. Code Ann. §§ 40-11-201(a), -139(a). Upon entry of a conditional judgment of forfeiture, the court clerk issues a writ of scire facias to both the defendant and the defendant's surety to notify them of their opportunity to "show cause why the judgment shall not be made final." Tenn. Code Ann. §§ 40-11-202, -139(a); *State v. Shredeh*, 909 S.W.2d 833, 835 (Tenn. Crim. App. 1995) ("When the defendant fails to appear as required, the issuance of a scire facias requires sureties to give reasons why a forfeiture of bail should not become final." (citing Tenn. Code Ann. § 40-11-202)).

4

## 2. Final Judgment of Forfeiture

After the writ of scire facias is served, the surety has 180 days in which to show cause why the conditional judgment of forfeiture shall not be made final. *See* Tenn. Code Ann. § 40-11-139(b). After this 180-day period expires, the court may enter an order of final forfeiture against the defendant and his sureties "for the amount of the bail and costs of the proceedings." Tenn. Code Ann. § 40-11-139(b). Examples of good cause include surrendering the defendant to the court or showing that the defendant is in custody elsewhere and subject to a detainer. *See* Tenn. Code Ann. §§ 40-11-203(a), -201(c).

This court has long recognized that the final judgment of forfeiture does not enter automatically after the 180-day period expires. *See State v. Frazier*, No. 88-266-III, 1989 WL 71032, at *2 (Tenn. Crim. App. June 29, 1989). Instead, the trial court must first afford the surety an opportunity for a hearing. *In re Paul's Bonding Co.*, 62 S.W.3d 187, 193 (Tenn. Crim. App. 2001). At this hearing, the surety may petition the court for relief from the forfeiture and have a meaningful opportunity to present argument and evidence in support of the request for relief. *See, e.g.*, *Sanford & Sons Bail Bonds, Inc.*, 96 S.W.3d at 204; *State v. Universal Fire & Casualty Ins. Co.*, No. M2020-00564-CCA-R3-CD, 2021 WL 4476813, at *2 (Tenn. Crim. App. Sept. 30, 2021), *no perm. app. filed*. However, the burden remains on the surety to demonstrate an entitlement to relief. *See Paul's Bonding Co.*, 62 S.W.3d at 193. If the court enters a final judgment of forfeiture, further proceedings to execute or enforce the judgment are stayed for thirty days. *See* Tenn. Code Ann. § 40-11-139(c).

## 3. Exoneration After Final Judgment of Forfeiture

A defendant and his or her surety have other remedies even after the court enters a final judgment of forfeiture. For example, although the granting of relief is discretionary, "[a] surety may be exonerated from forfeiture by its surrender of the defendant to the court at any time before payment of the judgment of forfeiture." *In re Bonds*, No. M2015-00801-CCA-R3-CD, 2016 WL 1221936, at *3 (Tenn. Crim. App. Mar. 29, 2016), *perm. app. denied* (Tenn. June 23, 2016); Tenn. Code Ann. § 40-11-203.

In addition, Tennessee Code Annotated section 40-11-204(a)(1) provides that the court's power to grant relief when petitioned "shall extend to the relief of those against whom final judgment has been entered whether or not the judgment has been paid, as well as to the relief of those against whom proceedings are in progress." *See also In re Guy James Bonding*, No. M2003-01033-CCA-R3-CD, 2004 WL 1402562, at *4 (Tenn. Crim.

App. June 23, 2004) (recognizing that Tenn. Code Ann. § 40-11-204(a) "is the only statute authorizing relief after 'the judgment has been paid.'"), *no perm. app. filed*. "Generally speaking, a trial court must afford a surety an opportunity to establish its suitability for relief pursuant to Tenn. Code Ann. § 40-11-204." *Sanford & Sons Bail Bonds, Inc.*, 96 S.W.3d at 204. The decision to grant this relief is within the discretion of the trial court, though "trial courts must exercise this discretion consistently with other statutory provisions[.]" *Rader Bonding Co.*, 592 S.W.3d at 858 (citing Tenn. Code Ann. §§ 40-11-130(a)(1), -138(b)).[2]

## B.  TENNESSEE CODE ANNOTATED 40-11-139(d)

With this context in mind, we now turn to the forfeiture issue before the court. Effective July 1, 2023, the General Assembly enacted a new statutory ground upon which a surety could be relieved from a forfeiture. Tennessee Code Annotated section 40-11-139(d) provides:

> If a court issues a bench warrant due to a defendant's failure to appear on a felony or on a Class A or Class B misdemeanor that is violent or sexual in nature as determined by the court, or if a defendant is charged with a failure to appear, then the defendant shall be placed on any available state or federal list or database as a fugitive from justice, without limitation, within ten (10) days of the defendant's failure to appear. A surety is not liable for any undertaking if the defendant has not been placed on such a database within the time required by law.[3]

The Surety contends that its liability on the undertaking, or the bail bond,[4] was extinguished by operation of law when the State failed to enter the Defendant into a

---

[2]  At the oral argument, the Surety discussed the possibility of requesting relief from a final judgment of forfeiture pursuant to Tennessee Rule of Civil Procedure 59.04. We have recognized that the Rules of Civil Procedure can affect the final judgment of forfeiture. *See Guy James Bonding*, 2004 WL 1402562, at *1; *cf. also Frazier*, 1989 WL 71032, at *3 (holding that Tenn. R. Civ. P. 62.01 applies to bond forfeiture proceedings). That said, at least in the context of this case, it is not clear what Rule 59.04 would permit by way of relief that Tennessee Code Annotated section 40-11-204 does not already provide.

[3]  Effective July 1, 2024, the General Assembly extended the ten-day period to "ten (10) business days." *See* 2024 Tenn. Pub. Acts, ch. 1048, § 1 (eff. July 1, 2024) (codified at Tenn. Code Ann. § 40-11-139(d)).

[4]  The State posits that the "undertaking" may only be for costs associated with transporting the Defendant back to Tennessee. However, our courts have long recognized that "[a] 'bail bond' is an 'undertaking by the surety, into whose custody defendant is placed, that he will produce defendant in court

database as a fugitive within ten days of his non-appearance. It asserts that this statutory violation barred the court from entering a final forfeiture, even if the Surety never appeared or raised the issue. We respectfully disagree.

Tennessee law consistently places the burden on a surety to affirmatively demonstrate its entitlement to relief from a bail forfeiture. *See Paul's Bonding Co.*, 62 S.W.3d at 193. Although section 40-11-139(d) does not expressly delineate the procedure for asserting the statutory defense it creates, neither its text nor its context suggests that it operates as a self-executing bar to forfeiture.

On the contrary, the statutory framework governing bail bond forfeitures generally presumes that a surety must take affirmative steps to assert any defense and provide evidence supporting its claim for relief. That presumption is evident in other statutory provisions addressing relief from forfeiture. For instance, Tennessee Code Annotated section 40-11-201(b) identifies two potential defenses—the defendant's incarceration and the defendant's physical or mental condition—but in both instances, the surety bears the responsibility to bring the defense to the trial court's attention and to submit supporting documentation in a timely manner.

There is no indication that section 40-11-139(d) was intended to displace the surety's burden of proof when seeking relief from a conditional or final forfeiture. While section 40-11-139(d) imposes an obligation on the State to list an absconding defendant in a database within ten days, it does not displace the surety's corresponding obligation to raise and support any claim for relief before the judgment becomes final. Accordingly, we reject the Surety's argument that its liability was automatically extinguished on the eleventh day following the State's noncompliance. As with other defenses to forfeiture, relief under section 40-11-139(d) is contingent upon the surety's timely assertion and substantiation of the defense. Without such a showing, the statutory protection is not self-executing and provides no basis for mandatory relief.

In denying the motion, the trial court emphasized the Surety's untimeliness and the lack of an excusable reason for the delay. The record reflects that the Defendant failed to appear for his arraignment on July 10, 2023, and the State failed to enter him into a database within the following ten days. As such, the Surety had a defense to the final judgment of forfeiture as early as July 21, 2023. However, not only did the Surety fail to raise this

---

at a stated time and place.'" *See Indem. Ins. Co. of N. Am. v. Blackwell*, 653 S.W.2d 262, 264 (Tenn. Ct. App. 1983) (citation omitted). As such, the relief granted by section 40-11-139(d) includes relief from a forfeiture of the bail bond.

defense on the eleventh day, as both parties now agree could have been done, but it also failed to seek relief at any time over the next six months.

After receiving notice of the final forfeiture hearing, the Surety had an additional two weeks to file a petition seeking relief and failed to do so again. Finally, the Surety failed to appear at the final forfeiture hearing on January 23, 2024. By failing to appear or offer excusable reasons for its absence, the Surety lost an opportunity to show that it was *entitled* to relief from the forfeiture.

Even after the court enters a final judgment of forfeiture, a surety is not necessarily foreclosed from seeking relief. *See* Tenn. Code Ann. §§ 40-11-203, -204.[5] However, claims for relief made after the final forfeiture hearing are no longer available as a matter of right. Instead, a trial court's decision to grant relief after the final forfeiture hearing is entrusted to its sound discretion so long as it is exercised "consistently with other statutory provisions[.]" *Rader Bonding Co.*, 592 S.W.3d at 858.

In this case, even when the Surety first sought relief two weeks after the final forfeiture hearing, it gave no explanation in its motion as to why it could not timely raise the issue. It also offered no explanation at the later hearing on its motion. The Surety's failure to assert a timely defense over the course of a six-month period, and the lack of any reason for that failure, supports the court's decision to deny the post-judgment motion, and we find no abuse of discretion. The Surety is not entitled to relief.

## CONCLUSION

In summary, we hold that Tennessee Code Annotated section 40-11-139(d) does not operate as an automatic bar to liability. A surety seeking relief under that statute must timely raise the defense and support it with proof, as with any other ground for avoiding a forfeiture. We further hold that the burden rests with the surety to bring this defense to the trial court's attention and that the court is not required to grant relief sua sponte upon the State's noncompliance. Finally, we conclude that the trial court acted within its discretion in denying relief in this case, where the Surety failed to assert the defense within the 180-day statutory period, failed to appear at the final forfeiture hearing, and offered no

---

[5] Although the Surety's motion did not cite these statutes as the basis for its post-hearing claim for relief, the trial court retained discretion to consider the request under those provisions.

excusable justification for these delays.  Accordingly, we respectfully affirm the judgment of the trial court.

s/ *Tom Greenholtz*
TOM GREENHOLTZ, JUDGE