# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 9, 2007

## STATE OF TENNESSEE v. KEN HENRY

## IN RE: PETITION OF THOMAS PORTER, d/b/a AA/AAA BONDING COMPANY[1]

**Appeal from the Circuit Court for Madison County**
**No. 04-622      Donald H. Allen, Judge**

---

**No. W2006-00981-CCA-R3-CD  - Filed May 9, 2007**

---

The Appellant, Thomas Porter, d/b/a AA/AAA Bonding Company, appeals the judgment of the Madison County Circuit Court denying his Motion to Modify or Set Aside Bond Forfeiture in the amount of $10,000.  Finding no abuse of discretion, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., joins, with J.C. MCLIN, J., not participating.

Joseph E. Tubbs, Humboldt, Tennessee, for the Appellant, Thomas Porter d/b/a AA/AAA Bonding Company.

Robert E. Cooper, Jr., Attorney General and Reporter; Brian Clay Johnson, Assistant Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

The chronology of events, as evidenced by the documents within the technical record, is as follows:

---

[1]Tenn. R. App. P. 30 provides that papers addressed to this court should contain a caption setting forth the title of the case as it appeared in the trial court.  We have restyled the caption in this case to reflect that the Appellant in this appeal is Thomas Porter d/b/a AA/AAA Bonding Company.

- December 19, 2003- the defendant, Ken Henry, is charged by the Jackson Police Department with various motor vehicle violations

- December 22, 2003- Henry is released from custody on an appearance bond made by Thomas Porter d/b/a AA/AAA Bonding Company in the amount of $10,000

- May 10, 2004- Henry waives preliminary hearing

- August 2, 2004- Henry is indicted by a Madison County grand jury for criminal impersonation, driving on a revoked license with prior offenses, and violation of the financial responsibility law

- August 9, 2004- Henry fails to appear at his arraignment in the Circuit Court

- August 10, 2004- the trial court enters conditional judgment of forfeiture of Henry's bail bond; *scire facias* is issued to AA/AAA Bonding Company; and a capias is issued for Henry

- November 13, 2004- capias is served on Henry; he is returned to the Madison County Jail

- December 7, 2004- Henry is found indigent, and the Public Defender's Office is appointed to represent him; indigency petition indicates that Henry was in custody at this time without bail

- December 21, 2004- conditional judgment is again entered against AA/AAA Bonding Company in the amount of $10,000 for the bond made on "12-22-03"; *scire facias* issued to AA/AAA Bonding Company, and capias issued for Henry

- January 4, 2005- petition is filed for exoneration of AA/AAA Bonding Company

- June 22, 2005- second petition is filed for exoneration of AA/AAA Bonding Company

- January 19, 2006- trial court enters "Order of Final Forfeiture of Bond," ordering payment of $10,000 into the clerk's office

- January 26, 2006- capias is served on Henry

- February 27, 2006- Henry pleads guilty and is sentenced to community corrections

- April 7, 2006- motion by AA/AAA Bonding Company to modify or set aside final bond forfeiture

- May 15, 2006- order denying motion to modify or set aside bond forfeiture

**Analysis**

On appeal, the Appellant, Thomas Porter, d/b/a/ AA/AAA Bonding Company, contends that he is entitled to relief "pursuant to the applicable provisions of T.C.A. § 40-11-204." In pertinent part, this section provides that circuit court judges:

> [m]ay receive, hear and determine the petition of any person who claims relief is merited on any recognizances forfeited, and so lessen or absolutely remit the same, less a clerk's commission . . . and do all and everything therein as they shall deem just and right, and consistent with the welfare of the state, as well as the person praying for relief. This power shall extend to the relief of those against whom final judgment has been entered whether or not the judgment has been paid . . . .

T.C.A. § 40-11-204(a) (2006).

A trial court's discretion under section 40-11-204(a) is broad and comprehensive, empowering trial courts to make determinations "in accordance with [their] conception of justice and right." *State v. Shredeh*, 909 S.W.2d 833, 835 (Tenn. Crim. App. 1995). This court will review a trial court's ruling on these matters under an abuse of discretion standard. *In re Paul's Bonding Co.*, 62 S.W.3d, 187 at 194 (Tenn. Crim. App. 2001). The abuse of discretion standard contemplates that, before reversal may occur, the record must show that a judge "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining." *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999).

The record before this court consists entirely of those documents contained in the technical record, which are noted in the factual background portion of this opinion. As reflected, the bail bond contract, which is the subject of this appeal, is not included in the record. While the record reflects that three separate petitions seeking exoneration or modification of the Appellant's bail bond obligations were filed, no orders are included in the record reflecting the dispositions of the motions.[2] Although the Appellant asserts, in his petitions and in his brief, factual allegations

---

[2] The trial court's order of final forfeiture states that the Appellant's petitions for exoneration were denied. Again, however, the orders denying exoneration are not included in the record.

supporting his entitlement to relief, these statements and allegations do not rise to the level of proof.[3] *State v. Bennett*, 798 S.W.2d 783, 789 (Tenn. Crim. App. 1990) (statements of fact made in pleadings, briefs, and oral argument may not be considered by an appellate court in lieu of a transcript of an evidentiary hearing). The record does reflect that, with regard to the Appellant's April 7, 2006 motion seeking to modify or set aside the final bond forfeiture, the following order was entered, "Based upon the statements of counsel and the record as a whole the Court finds the relief requested to be inappropriate for the facts of this particular case."

Because the issue presented arises from contract, our review is governed by Rule 13(d), Tennessee Rules of Appellate Procedure, which provides in pertinent part:

> Unless otherwise required by statute, review of findings of fact by the trial court in civil actions shall be *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise.

Tenn. R. App. P. 13(d). Obviously, an appellate court cannot review the facts *de novo* without an appellate record containing the facts. Thus, in the absence of a transcript or statement of the evidence, a court is precluded from considering the issue. It is the party who seeks appellate review who is charged with the "duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983); *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993); *see also* Tenn. R. App. P. 24(b). In the absence of an adequate record on appeal, the appellate court must presume that the trial court's ruling is supported by the record. *State v. Oody*, 823 S.W.2d 554 559 (Tenn. Crim. App. 1991). In this case, our review of whether the trial court erred by not vacating the judgment of final forfeiture is precluded by the total absence of any facts establishing an abuse of discretion.

## CONCLUSION

In the absence of any showing of an abuse of discretion by the trial court, the judgment is affirmed.

_____
DAVID G. HAYES, JUDGE

---

[3]We would agree that had proof been introduced supporting the Appellant's allegations, relief may have been warranted. For example, in the Appellant's first petition for exoneration, the Appellant argues that he "captured" the defendant Henry and "turned him in to the Madison County Sheriff's Department." Notwithstanding the fact that the capias, which was then served on Henry, contained the notation, "HOLD WITHOUT BOND," the "Sheriff then released the defendant on the same bond before the Surety could come before the Court pursuant to T.C.A. § 40-11-137." Moreover, it is unclear from the record how the Appellant's release was obtained in December 2004 by a bond that had been forfeited in August 2004. Nonetheless, the record is totally void of any proof with regard to the factual allegations in any of the petitions or the events which occurred at the trial level.