## M. B. Black *et al. v.* The State.*

### (*Nashville.* December Term, 1926.)

Opinion filed January 29, 1927.

1. CRIMINAL LAW. Forfeiture of bail. Revision by court. Shannon's Code, section 7141 et seq.

The forfeiture of bail bond or recognizance is not in all cases final, it may be remitted or moderated, where in the discretion of the court good reason therefor exists, and substantial justice will thereby be dispensed, to prevent a miscarriage of justice, an injury or inconvenience and expense to the state. Mr. Justice Cook dissenting. (Post, p. 94.)

Citing Shannon's Code, sections 7141-7147, inclusive; 6· Corpus Juris, sections 292-293-323-325-326; 39 Corpus Juris, 1392.

2. STATUTES. Construction. Auxiliary verb, "may."

The verb "may" has a wide scope of meaning. As a general rule it is construed in its ordinary and usual signification, where no intention to the contrary is shown. Mr. Justice Cook does not concur in this opinion. (Post, p. 94.)

---

*Headnotes 1. Bail, 6 C. J., sections 320 (Anno.), 325, 331; 2. Statutes, 36 Cyc., pp. 1147, 1149; 3. Bail, 6 C. J., section 331; May, 39 C. J., section 4; Statutes, 36 Cyc., p. 1160.

---

### FROM HOUSTON.

---

Appeal from Criminal Court of Houston County.— Hon. J. D. G. Morton, Judge.

J. M. Spencer, for plaintiff in error.

Roy H. Beeler, Assistant Attorney General, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

On April 27, 1925, Clemen and Timothy Black were arrested for transporting and possessing liquor, and executed their bail bond in the sum of $500 for their appearance at the July term of the circuit court. Said bond was in the usual form, and the petitioners, M. B. Black, Fred McIntosh, M. M. Gill and R. H. Barnes, became sureties thereon.

At the July term the grand jury returned a presentment against Clemen and Timothy Black for transporting and possessing liquor, but the accused failed to make their appearance at said term of court, and a forfeiture was declared on said bond and a conditional judgment for $500 was entered against said sureties.

*Scire facias* was duly issued and executed on said sureties, and at the November term the accused duly appeared and, upon their plea of guilty, were fined $100 each and ordered confined in the county jail for six months, but the jail sentence was suspended.

A final judgment in the sum of $100 was entered against the principals and said sureties upon said bail bond, the order reciting that "the defendants Timothy and Clemen Black did not have a lawful excuse for failing to appear as required by the tenor of their bond."

The case is before us solely upon the technical record.

From the judgment so entered said sureties have appealed to this court, and insist that, having delivered the accused to the court before final judgment, they were entitled to be released upon the payment of costs.

Under the title of "Bail" we here quote from 6 Corpus Juris, as follows:

Section 292. "The liability of sureties on a bail bond is limited to the precise terms of their contract. A man's bail are his jailers of his own choosing, and the spirit

of their obligation is that they will as effectually secure
his appearance, and will put him as much under the
power of the court, as if he was in the custody of the
law, and the court is under no duty of watchfulness for
the benefit of the sureties.''

Section 293. ''The appearance of the principal should
be made in conformity with the condition of the obliga-
tion at the time and place designated therein or legally
required by the terms thereof. If he does so appear, the
condition is fulfilled and the bond on the recognizance is
entitled to be discharged; but if he fails to do so, with-
out a sufficient excuse therefor, his default operates as
a forfeiture of the bond or recognizance. Thus, if ap-
pearance alone is required, nonappearance is a forfei-
ture.''

Section 320. ''The entry upon the record of defend-
ant's failure to appear renders the forfeiture of his bail
complete, although the entry of formal judgment of for-
feiture is not made until afterwards; and it has been
held that an entry of judgment is not necessary before
*scire facias* can issue, although the entry of default, how-
ever, is essential. It has also been held that the record
is merely evidence of the forfeiture, and that the failure
of the clerk to enter the order therefor at the time it is
made does not render it nugatory, but that the record
may be amended by an entry *nunc pro tunc.*''

Section 323. ''A forfeiture of a recognizance is not
in all cases final, but it may be remitted or moderated,
where, in the judgment of the court or official vested with
such power, good reason therefor exists and substantial
justice will thereby be dispensed, and the power to re-
lieve from such forfeiture or to remit it may be exer-

cised for the benefit of the sureties as well as for that of the accused.''

Section 325. ''The exercise of this power, except in so far as limited by statute, is within the discretion of the court or of the executive if he has such power, but it should be exercised with caution and only where extreme hardship would otherwise result to the sureties.''

Section 326. ''The forfeiture need not be wholly remitted, nor need relief be entirely refused; but, where it is shown that the default was not unmixed with negligence, the judgment may be accomodated to the particular circumstances of the case and made absolute for any part of the sum expressed in the undertaking, and expenses incurred by the bail in attempting to bring back the accused may be allowed.''

Our statutes upon the subject under discussion, as set forth in Shannon's Annotated Code, are as follows:

Section 7141. ''If the defendant do not appear according to his undertaking, a conditional judgment may be entered against the party and his sureties, or against the defendant alone, in case of a deposit.''

Section 7144. ''After the liability of the bail has become fixed by forfeiture, and before payment, they may be exonerated from the liability by the surrender of the defendant and the payment of all costs; but may be exonerated from costs also, if, in the opinion of the court, they have been in no fault.''

Section 7145. ''But it is left to the sound discretion of the court whether they shall be relieved from the liability of bail to any and to what extent.''

Section 7146. ''The judge of the circuit, criminal, and supreme court may receive, hear, and determine the pe-

tition of any person who may conceive that he merits relief on any recognizances forfeited, and so lessen or absolutely remit the same, and do all and everything therein as they shall deem just and right, and consistent with the welfare of the State, as well as the person praying such relief.''

Section 7147. ''This power shall extend to the relief of those against whom final judgment has been entered, as well as to the relief of those against whom proceedings are in progress.''

It will be noted that our statutes conform to the general rules applicable in such cases as set forth above in Corpus Juris.

The discretion conferred upon the court in section 7145 of the Code is very broad and comprehensive, and evinces a purpose to empower the court to decide each case in accordance with his conception of justice and right.

Finally, in order to remove any doubt, it was provided in section 7147 that the power to exercise the discretion conferred not only extended to cases where final judgment had been entered, but to proceedings in progress (inferentially) where no final judgment had been entered. These statutes must be construed together, and to interpret section 7144 to be mandatory would make it conflict with section 7147.

There is another reason why section 7144 is permissive or discretionary rather than mandatory. It provides that the sureties *may* be exonerated from liability by the surrender of the defendant. (Italics ours.)

In 39 Corpus Juris, 1392, it is said:

''Generally speaking, 'may' is an auxiliary verb, of most common use, with various meanings, qualifying the

meaning of another verb by expressing ability, competency, contingency, liability, possibility, probability, or potentiality. In its ordinary signification, to have permission; to be allowed.

"The verb 'may' has a wide scope of meaning. It has various meanings, often depending on the context. As a general rule, it is construed in its ordinary and usual signification where no intention to the contrary is shown.

"The verb 'may' may be and usually is employed as implying permissive or discretional, and not mandatory, action or conduct; or it may be employed as implying imperative or mandatory action or conduct. More specifically, 'may' has been construed sometimes to mean 'shall,' and sometimes not to mean 'shall;' and sometimes to mean 'must,' and sometimes not to mean 'must;' sometimes to mean 'must' or 'shall,' and sometimes not to mean 'must' nor 'shall.' Whether the word is to be construed as mandatory or as permissive is to be determined in each case from the apparent intention as gathered from the context, considering the whole instrument in which it is used; and it is always construed in a permissive sense unless necessary to give effect to the intent in which it is used."

There is nothing in our statutes to indicate a legislative intent to make the release of the sureties mandatory where they surrender the defendant, but, for the reasons stated above, it is clear to our minds that the purpose of the Legislature was to confer upon the court a discretion in such matters. To give the statutes the construction contended for by the plaintiffs in error would often result in a miscarriage of justice, and would cause

injury, inconvenience and expense to the State, as well as to witnesses.

For the reasons indicated herein, we find no error in the judgment of the trial court and it will be affirmed with costs.

MR. JUSTICE COOK does not concur in this opinion.