# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### April 8, 2014 Session

## STATE OF TENNESSEE v. ALISCIA CALDWELL - RE: JENKINS BONDING CO.

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2011-B-1441     Monte Watkins, Judge**

_____

**No. M2013-01368-CCA-R3-CD - Filed July 31, 2014**

_____

Jenkins Bonding Company executed as a surety an appearance bond for the Defendant, Aliscia Caldwell, on several cases as detailed below. The Defendant failed to appear, and the general sessions court forfeited the bond and issued a scire facias and a capias for the Defendant's arrest. The bonding company physically surrendered the Defendant to the trial court and rquested that it be relieved as surety. The trial court denied the surrender and released the Defendant on the same bond. Subsequently, the Defendant failed to appear at another court hearing. The trial court entered a final forfeiture judgment against the bonding company. The bonding company filed a motion to alter or amend the forfeiture judgment against it, saying that it should be exonerated of the bond because it lawfully surrendered the Defendant. The trial court denied the motion. On appeal, the bonding company argues that the trial court did not have the authority to deny the surrender and release the Defendant over the surety's objection. After a thorough review of the record and applicable authorities, we reverse the trial court's judgment, and we remand the case for entry of an order releasing Jenkins Bonding as surety in this case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS, J., and JOE H. WALKER, III, SP. J., joined.

Joel H. Moseley, Sr., Murfreesboro, Tennessee, and Joel H. Moseley, Jr., Nashville, Tennessee, for the Appellant, Jenkins Bonding Company.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General, and Victor S. Johnson, III, District Attorney General, Deborah Housel and Roger Moore, Assistant District Attorneys General for the appellee, State of Tennessee.

# OPINION
## I. Facts and Procedural History

This case arises from the Defendant's failure to appear in court for indictments for one count of aggravated assault and two counts of theft of property. On November 29, 2010, Jenkins Bonding Co, Inc. ("Jenkins Bonding") executed as surety an appearance bond for the Defendant for the three counts she was facing, all of which were in general sessions court. Two of these cases were bound over and indicted as case number 2011-B-1441. The third count remained in general sessions as case number GS479719. Approximately one year later, the Defendant was indicted in general sessions case number GS561086, and Jenkins Bonding again executed as surety the Defendant's bail.

On November 28, 2011, the Defendant failed to appear in case number GS561086, and the general sessions judge forfeited her bond, issued a scire facias, and issued a capias for the Defendant's arrest. On December 13, 2011, Jenkins Bonding surrendered the Defendant to jail in case number 2011-B-1441, and the two other general sessions warrants.

The trial court held a surrender hearing on January 11, 2012, during which the following evidence was presented: Renee Tinnin, with Jenkins Bonding, testified that Jenkins Bonding was a surety on several bonds for the Defendant and that she was "a forfeit on our company." Ms. Tinnin said that her company had convinced the Defendant to turn herself in to the police. Ms. Tinnin asked that Jenkins Bonding be relieved as surety on these charges, in part because the Defendant had multiple cases that needed to be resolved.

Ms. Tinnin informed the trial court that the Defendant was living in Iowa and had been traveling between Nashville and Iowa and that Jenkins Bonding was never aware of the Defendant's location. Ms. Tinnin said that on the day that the Defendant failed to appear in court, Ms. Tinnin had actually brought the Defendant and the Defendant's boyfriend to court. The Defendant was waiting with her boyfriend on benches outside the court room, and Ms. Tinnin was inside the courtroom. Ms. Tinnin repeatedly went to see the Defendant on the benches to inform her of what was happening in the courtroom. However, when it was time for the Defendant to appear before the trial court, the Defendant had left. When Ms. Tinnin called the Defendant, the Defendant explained that she had left the courthouse because she had to check her mail and that she was hungry.

Upon questioning from the trial court, Ms. Tinnin said that the Defendant gave her an address in Iowa, but the Defendant was never present when she called the number the Defendant had provided. Further, the father of the Defendant's child repeatedly told Ms. Tinnin that the Defendant was in Nashville and not in Iowa.

The Defendant testified that she always notified Jenkins Bonding of her location. She said that she did travel to Iowa because she had a medical emergency for her daughter, who had a liver disease. The Defendant said she informed Jenkins Bonding when she returned. She recalled that upon her notifying the bonding company of her trip, Emmett Jenkins, from the bonding company, told her to "get some rest." The Defendant said she failed to inform Mr. Jenkins that she had to take her daughter to the doctor in Nashville the following day because "somebody called DCS and said that my daughter hadn't been to the doctor."

The Defendant said she was trying to check her mail and take her daughter to the doctor, and "[e]verything just collided." She said she was not trying to avoid Jenkins Bonding. The Defendant said that she was staying with her mother in Nashville at the time of the forfiet hearing and that Jenkins Bonding had that address.

The trial court stated: "Well, I am not going to allow the surrender at this time. However, if you violate any terms of your bond I will allow the surrender. Do you understand that?" The Defendant indicated her understanding.

The State pointed out to the trial court that the Defendant had incorrectly told the trial court that a case pending against her had been dismissed. The State noted that the Defendant had pled guilty to domestic assault on December 21, 2011. The State informed the trial court that the Defendant was, therefore, untruthful with the court. The State asked the trial court if it wanted to address that issue the following day, and the trial court declined.

On April 30, 2012, the Defendant failed to appear at her scheduled court date. The trial court forfeited the Defendant's bail and issued a capias for her arrest. A scire facias was issued on April 30, 2012, but it was not served until August 8, 2012, the same date upon which a conditional judgment was entered.

On February 13, 2014, the trial court held a final forfeit hearing. The attorney representing Jenkins Bonding ("Counsel") opposed the entry of the final forfeit. Counsel stated that the Defendant had previously been surrendered pursuant to Tennessee Code Annotated section 40-11-132(3). Further, it asserted that, because there was a forfeit in another case, the general session case, the surrender was "good." Therefore, Jenkins Bonding should be exonerated of the bond.

The State noted that the conditional forfeit was taken on April 30, 2012, but the order was not signed until August 8, 2012. It stated that during those four months nothing happened with the bonding company's situation. The State asserted that Jenkins Bonding could have appealed the court's order denying the surrender, but it did not.

The trial court agreed with the State, stating, "And I was under the assumption that they were coming here to ask for a little additional time. I may have given them thirty days or so, but I'll take the final forfeit."

On March 12, 2013, Jenkins Bonding filed a Tennessee Rule of Civil Procedure Rule 59 motion to alter or amend the trial court's final forfeit judgment. It asserted that it should be exonerated pursuant to Tennessee Code Annotated section 40-11-132. At a hearing on the motion, Jenkins Bonding's Counsel informed the trial court:

> Your Honor, I don't believe the facts in this case are contested. On November 28th, 2011 the [D]efendant failed to appear in General Sessions Court, resulting in the entry of a conditional forfeit in that matter. Relying upon Tennessee Code Annotated 40-11-132 Jenkins Bonding Company surrendered the [D]efendant in this court, the surrender on December . . . 13th, 2011. The surrender hearing of the present case in court occurred on January 18, 2012, (sic) and the Court, at that time, denied the surrender.

> No, Your Honor, the language of Tennessee Code Annotated 40-11-132 is plain; and that is, that the surety may surrender at any time for good cause.

The trial court stated, "The magic word is 'may.'" Counsel stated that the discretion to which the trial court referred by using "may" only referred to "other good cause" and that the trial court did not have discretion to decline to accept the surrender when one of the five enumerated factors was met. Counsel asked that the final forfeit be set aside.

The State responded that Jenkins Bonding did not appeal the trial court's denial of surrender. When the Defendant failed to appear again, on April 30, 2012, the trial court issued a conditional forfeit, which was not signed until August 8, 2012. It further noted that Jenkins Bonding had not requested an appeal thereafter. The State asked that the final forfeit remain in effect.

Counsel for Jenkins Bonding noted that, according to case law, it could not have appealed the case until the August 8, 2012, order was entered, as the forfeit was conditional before that date and did not constitute a final order. The trial court took the matter under advisement.

The trial court issued an order stating:

> This cause came to be heard on April 3, 2013 upon a motion to set aside the final forfeit issued on February 13, 2013. The surety, Jenkins Bonding

-4-

Company, asserts that the trial court did not have the authority to deny the surrender on January 18, 2012 and release the [D]efendant over the objection of the surety. Subsequently, the [D]efendant did not appear for court on April 30, 2012. Therefore, a scire facias was issued and conditional judgment was entered August 8, 2012 and the final forfeit hearing was held on February 13, 2013 with the final forfeit judgment entered on February 14, 2013. The Court will not examine this claim.

> Tennessee Code Annotated 40-11-203 et seq. Provides in pertinent part:
>
> (a) After the liability of the bail bondsman or surety has become fixed by forfeiture, and before payment, the bail bondsman or surety may be exonerated from the liability by the surrender of the defendant and the payment of all costs; but may be exonerated from costs also if, in the opinion of the court, the bail bondsman or surety has been in no fault.
>
> (b) It is left to the sound discretion of the court whether the bail bondsman or surety shall be relieved from the liability of bail to any and to what extent. Tenn. Code Ann. § 40-11-203 (1997).

Further Tennessee Code Annotated § 40-11-132 outlines:

> At any time, the bail bondsman or surety may surrender the defendant in their exoneration, or the defendant may personally surrender to the officer. Surrender by a bail bondsman or surety shall be for good cause, including, but not limited to, the following:
>
> (1) The defendant has violated the contractual provisions between the defendant and the bondsman;
>
> (2) The bondsman or surety has good cause to believe the defendant will not appear as ordered by the court having jurisdiction;
>
> (3) A forfeit, conditional or final, has been rendered against the defendant;
>
> (4) The defendant has failed to appear in court either as ordered

by the court or as commanded by any legal process; or

(5) The defendant has been arrested while on bond. Tenn. Code Ann. § 40-11-132 (Supp. 2001).

The Tennessee Court of Criminal Appeals has held that a trial court's discretion under this section is "broad and comprehensive, empowering trial courts to make determinations 'in accordance with [their] conception of justice and right.'" *State v. Caballero-Grajeda*, 2005 WL 1931402 (Tenn. Crim. App.) citing *State v. Shredeh*, 909 S.W.2d 833, 835 (quoting *Black v. State,* 154 Tenn. 88, 290 S.W. 20, 21 (Tenn. 1927). Although the trial court's discretion is "broad and comprehensive," its authority to relieve sureties from liability may only be exercised in extreme cases, such as a death of the defendant or some other condition making it impossible for sureties to surrender the defendant; the "good faith effort made by the sureties or the amounts of their expenses are not execuses." "To relieve sureties upon [lesser] grounds . . . would encourage defendants to forfeit their bail, and bring about a very lax administration of the criminal laws of the State."

Applying this legal standard, the Court finds that Jenkins Bonding Company has failed to present sufficient evidence to justify being relieved of liability. Therefore, the motion to alter or amend the final forfeiture judgment is DENIED.

(some citations omitted).

It is from this judgment that Jenkins Bonding now appeals.

## II. Analysis

On appeal, Jenkins Bonding asserts that the Defendant failed to appear on November 28, 2011, in general sessions court on case number GS561086, resulting in the entry of a conditional forfeit. Jenkins Bonding surrendered the Defendant on December 13, 2011,[1] based upon the entry of the conditional forfeit in the general sessions case and relying upon Tennessee Code Annotated section 40-11-132. Jenkins Bonding states that the trial court did not have discretion to refuse the surrender at that hearing on January 18, 2012. Jenkins Bonding further asserts that the trial court applied the improper legal standard, using case law

---

[1]Jenkins also surrendered the Defendant to General Sessions Court on two other General Sessions cases, and the surrender was accepted by the General Sessions judge.

reviewing a surrender pursuant to Tennessee Code Annotated section 40-11-204 and not 40-11-132, which governs this case. Jenkins Bonding concludes that this Court should employ the correct legal standard of review and conclude that the trial court erred and that the surrender should have been accepted and the surety relieved.

The State counters that we should review the trial court's judgment based upon an abuse of discretion standard. The State agrees that the records show that Jenkins Bonding "did show good cause for its surrender of the [D]efendant." Further, the State notes that the "trial court did not articulate any reasons for declining to accept the surrender." The State asserts that, despite this, the trial court did not abuse it's discretion when it denied Jenkins Bonding's motion for relief from the final forfeiture judgment because, first, Jenkins Bonding did not seek relief from the trial court's surrender decision pursuant to a Rule 10 interlocutory appeal and, second, Jenkins Bonding had not produced the Defendant ten months after she failed to appear and made no showing that there were circumstances making the return of the Defendant an impossibility. The State concludes that "[w]hile it may seem inequitable to hold Jenkins liable when it had made a good-faith effort to surrender the [D]efendant a year before the final forfeit, 'the good faith effort made by the sureties are not excuses.'" (citations omitted). The State cites law relevant to a motion for exoneration contemplated by Tennessee Code Annotated sections 40-11-203 and 204.

In its reply brief, Jenkins Bonding notes that its Rule 59 motion is not equivalent to a motion for exoneration, which is reviewed pursuant to an abuse of discretion standard, and that the law applicable to a motion for exoneration is not applicable to the case before us. Jenkins Bonding further responds that it was not required to seek interlocutory appeal before seeking an appeal as of right.

Because the professional bail bonding business is closely related to our state's criminal justice system, it is strictly regulated by statute. *State v. Carlos Alberto Cabellero-Grajeda In re E & W Bonding Company*, No. M2004-02097-CCA-R3-CD, 2005 WL 1931402 (Tenn. Crim. App., at Nashville, Apr. 12, 2005), *Tenn. R. App. P. 11 app. denied* (Tenn. Dec. 19, 2005). The forfeiture of bail bonds is governed by Tennessee Code Annotated section 40-11-201 through section 40-11-215. Specifically, Tennessee Code Annotated section 40-11-201(a) (2012) authorizes a trial court to enter a conditional judgment of forfeiture against a defendant and his sureties when a defendant fails to appear in court in accordance with a bail bond agreement. Upon the entry of a conditional judgment, the trial court must additionally issue a writ of scire facias requiring the defendant and his sureties to show cause why the judgment should not become final. T.C.A. § 40-11-202. To this end, the trial court must afford the defendant and his sureties a hearing prior to final forfeiture. *Indemnity Ins. Co. of North America v. Blackwell*, 653 S.W.2d 262, 264 (Tenn. Ct. App. 1983). At this hearing, a surety or bonding company may petition the court for relief from forfeiture. *In re Paul's*

*Bonding Co., Inc.*, 62 S.W.3d 187, 193 (Tenn. Crim. App. 2001). However, the surety bears the burden of proving that its petition should be granted. *See, e.g., State v. Roger Martin/Liberty Bail Bond Company*, No. 02C01-9710-CR-00402, 1998 WL 414713, at \*2 (Tenn. Crim. App., at Jackson, July 24, 1998), *no Tenn. R. App. P. 11 app. filed*.

A surety may be exonerated from forfeiture by its surrender of the defendant to the court at any time before payment of the judgment of forfeiture. T.C.A. § 40-11-203. Otherwise, the surety must seek relief pursuant to Tennessee Code Annotated section 40-11-204, providing provisions for relief on forfeited recognizances.

Pursuant to Tennessee Code Annotated section 40-11-132:

At any time, the bail bondsman or surety may surrender the defendant in their exoneration or the defendant may personally surrender to the officer. Surrender by a bail bondsman or surety shall be for good cause including, but not limited to, the following:

(1) The defendant has violated the contractual provisions between the defendant and the bondsman;
(2) The bondsman or surety has good cause to believe the defendant will not appear as ordered by the court having jurisdiction;
(3) A forfeit, conditional or final, has been rendered against the defendant;
(4) The defendant has failed to appear in court either as ordered by the court or as commanded by any legal process; or
(5) The defendant has been arrested while on bond.

Our review of the record indicates that Jenkins Bonding attempted to surrender the Defendant pursuant to Tennessee Code Annotated section 40-11-132. We first address whether the trial court erred when it refused to allow Jenkins Bonding to surrender the Defendant. Jenkins Bonding implores us to apply a de novo standard of review to this issue, with no presumption of correctness, as this is a question of law. Conversely, the State asserts that we should review the trial court's judgment pursuant to an abuse of discretion standard, citing case law reviewing Tennessee Code Annotated section 40-11-203 and 204, which govern exoneration of a surety after a forfeiture becomes final. We agree with Jenkins Bonding that a review of this issue is de novo with no presumption of correctness. "Both the interpretation of statutes and the interpretation of contracts are questions of law and, therefore, require a de novo review on appeal with no presumption of correctness given to the lower courts' conclusions of law." *State ex rel. Pope v. U.S. Fire Ins. Co.*, 145 S.W.3d 529, 533

(Tenn. 2004). Whether the trial court erred in applying Tennessee Code Annotated section 40-11-132 is a question of law and the facts in the record are undisputed. Accordingly, we turn to review the trial court's refusal to allow the surrender.

The Defendant failed to appear on November 28, 2011, in general sessions court on case number GS561086, resulting in the entry of a conditional forfeit. Jenkins Bonding surrendered the Defendant on December 13, 2011, based upon the entry of the conditional forfeit in the general sessions case and relying upon Tennessee Code Annotated section 40-11-132. Jenkins Bonding went before the trial court on January 18, 2012, with the Defendant, and notified the trial court of its intent to surrender the Defendant. Jenkins Bonding informed the trial court of the Defendant's failure to appear. Further, it told the trial court that the Defendant was traveling between Iowa and Nashville and that the company was having difficulty maintaining contact with the Defendant, as she did not answer the telephone number provided. Jenkins Bonding expressed concern that the Defendant would again fail to appear.

Jenkins Bonding met the requirements of Tennessee Code Annotated section 40-11-132 at the hearing. The plain language of the statute authorizes a surety to surrender a defendant for good cause, which includes, but is not limited to, the reasons enumerated therein. Jenkins Bonding provided the trial court with three of these reasons: (1) that it had good cause to believe the Defendant will not appear as ordered by the court having jurisdiction; (2) that a forfeit, conditional or final, has been rendered against the Defendant; and (3) that the Defendant had failed to appear in court either as ordered by the court or as commanded by any legal process. The trial court erred when it refused to allow the Defendant's surrender and exonerate Jenkins Bonding. This judgment was not a "final" judgment, and Jenkins Bonding was not required to seek an interlocutory appeal to imbue us with jurisdiction. Once the forfeit became final, and the trial court entered that judgment, Jenkins Bonding properly appealed the case to this Court.

The trial court's subsequent failure to alter or amend its judgment pursuant to Rule 59 is of no consequence because the trial court improperly failed to exonerate Jenkins Bonding on the date of surrender, January 18, 2012. Accordingly, we reverse the trial court's judgment, and we remand the case for entry of an order exonerating Jenkins Bonding as surety in this case.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we reverse the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE