IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs at Knoxville November 17, 2015

**DANNY BLANKENSHIP BONDING COMPANY v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Henderson County**
**No. 15015      Donald H. Allen, Judge**

_____

**No. W2015-00614-CCA-R3-CD  -  Filed February 3, 2016**

_____

Appellant, Danny Blankenship Bonding Company, appeals the judgment of the Henderson County Circuit Court forfeiting a $3,000 bail bond in the case of criminal defendant Edward Hunt.  On appeal, appellant argues that he was entitled to relief pursuant to Tennessee Code sections 40-11-139(c) and 40-11-203(a).  Following our review of the parties' briefs, the record, and the applicable law, we affirm the judgment of the circuit court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT H. MONTGOMERY, JR., J., joined.  ROGER A. PAGE, J., not participating.

Samuel W. Hinson, Lexington, Tennessee, for the Appellant, Danny Blankenship Bonding.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; James G. (Jerry) Woodall, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

I. Facts

This case arose from the criminal prosecution of Edward Hunt due to multiple vehicular offenses that occurred on September 14, 2013.  On that same day, appellant agreed to pay Mr. Hunt's $3,000 bail bond "unless the said Edward Hunt appears before

this Honorable Court on the 24th day of Sept[ember] 2013 . . . and from day to day until this case is finally disposed of . . . ." However, Mr. Hunt failed to appear for General Sessions Court in Henderson County on May 20, 2014. Accordingly, the trial court issued a capias for Mr. Hunt's arrest on May 21, 2014. Additionally, the trial court entered a conditional judgment of forfeiture against Mr. Hunt and appellant and issued a writ of scire facias to notify the appellant of the conditional judgment. Appellant was served with the writ of scire facias on May 23, 2014. On December 31, 2014, the General Sessions Court of Henderson County entered a final order of forfeiture against Mr. Hunt and appellant in "the sum of $3,000.00 plus cost for which execution may issue." On January 13, 2015, appellant filed a notice that Mr. Hunt had been surrendered to the sheriff of Henderson County. Mr. Hunt subsequently pleaded guilty to driving under the influence, first offense.

On January 23, 2015, appellant filed a motion in Henderson County General Sessions Court to set aside the final forfeiture, which the court denied on January 27, 2015. Appellant filed a notice of appeal in the Henderson County Circuit Court on January 29, 2015. On March 17, 2015, the circuit court affirmed the order of the general sessions court and denied appellant's motion to be relieved of the forfeiture. Appellant now appeals the circuit court's decision.

## II. Analysis

On appeal, appellant argues that Tennessee Code Annotated section 40-11-139(c) provides an additional thirty days after the final forfeiture is entered to surrender a defendant before the final forfeiture can be executed and that the lower court should have exonerated appellant of liability pursuant to Tennessee Code Annotated section 40-11-203(a). Appellant also argues that because the general sessions court did not have a hearing prior to entering the final forfeiture, appellant should be exonerated from liability.

### A. Tennessee Code Annotated section 40-11-139(c)

Appellant argues that section 40-11-139(c) provides an additional thirty-day grace period for bail bonding companies to locate a defendant. The State responds that subsection (c) does not provide additional time for bonding companies to produce a defendant but, rather, gives the bonding company time to appeal the final forfeiture order.

This is a matter of statutory construction, which we review de novo with no presumption of correctness. *Carter v. Bell,* 279 S.W.3d 560, 564 (Tenn. 2009) (citation omitted). "The most basic principle of statutory construction is to ascertain and give effect to legislative intent without broadening the statute beyond its intended scope." *Id.* (citation omitted). "When statutory language is clear and unambiguous, we must apply

its plain meaning in its normal and accepted use, without a forced interpretation that would extend the meaning of the language[,] and[] in that instance, we enforce the language without reference to the broader statutory intent, legislative history, or other sources." *Id.* (citation omitted). "Where the plain language of the statute does not directly address the issue or leads to an absurd result, however, this Court will look beyond the language of the statute and adopt a reasonable construction that provides for harmonious operation of the laws." *Lipscomb v. Doe*, 32 S.W.3d 840, 844 (Tenn. 2000) (citations omitted).

Section 40-11-139 states:

(a) If the defendant whose release is secured under § 40-11-122 does not comply with the conditions of the bail bond, the court having jurisdiction shall enter an order declaring the bail to be forfeited. Notice of the order of forfeiture shall be immediately sent by certified mail, restricted delivery, return receipt requested, by the clerk of the court to the defendant at the defendant's last known address. The defendant's surety will be served with scire facias upon the forfeiture entered and a capias shall be issued for the defendant.

(b) After the expiration of one hundred eighty (180) days from the date surety is served with scire facias or scire facias is returned to the clerk unserved or undelivered, the court may enter judgment for the state against the defendant and the defendant's sureties for the amount of the bail and costs of the proceedings.

(c) No execution shall issue upon a final forfeit, nor shall proceedings be taken for its enforcement until the expiration of thirty (30) days after its entry.

Subsection (c) became effective on May 6, 2013. Act of May 6, 2013, 2013 Tennessee Laws Pub. Ch. 388, § 1. This court has yet to address the interpretation of subsection (c); therefore, this is an issue of first impression on appeal.

Appellant argues that subsection (c) provides an additional thirty-day window for bonding companies to surrender a defendant. We note that appellant's interpretation of subsection (c) conflicts with section 40-11-203, which states:

(a) After the liability of the bail bondsman or surety has become fixed by forfeiture, and before payment, the bail bondsman or surety *may* be exonerated from the liability by the surrender of the defendant and the

payment of all costs; but *may* be exonerated from costs also if, in the opinion of the court, the bail bondsman or surety has been in no fault.

(b) It is left to the *sound discretion of the court* whether the bail bondsman or surety shall be relieved from the liability of bail to any and to what extent.

(emphasis added).  Appellant's interpretation of subsection 40-11-139(c) would provide a grace period for bonding companies to surrender a defendant without penalty.  However, section 40-11-203 already addresses this time period between the final forfeiture and payment of cost and leaves it "to the sound discretion of the court whether the bail bondsman or surety shall be relieved from liability of bail."  Tenn. Code Ann. § 40-11-203(b).  Therefore, appellant is not entitled to relief under Tennessee Code Annotated section 40-11-139(c) simply because Mr. Hunt was surrendered to law enforcement after the final forfeiture but before payment of the final forfeiture.  The trial court's determination pursuant to section 40-11-203 is determinative of this issue.

### B.  Tennessee Code Annotated section 40-11-203

Appellant also argues that he is entitled to exoneration from the final forfeiture pursuant to section 40-11-203.  As stated above, this statute allows the trial court discretion in determining whether to relieve bonding companies of liability in the event of surrender of a defendant after a final order of forfeiture has been entered.  This court has stated that the discretion in section 203 "is broad and comprehensive, empowering the court to decide each case according to its conception of justice."  *State v. Hix* (*In re Carlos Bonding, LLC*), No. M2008-01056-CCA-R3-CD, 2009 WL 856852, at *5 (Tenn. Crim. App. Mar. 31, 2009) (citing *Black v. State,* 290 S.W. 20, 21 (Tenn. 1927)).  As such, we review the lower court's decision for abuse of discretion.  *In re Paul's Bonding Co., Inc.*, 62 S.W.3d 187, 194 (Tenn. Crim. App. 2001).

In this case, however, appellant has failed to include the transcript from the circuit court's hearing on March 3, 2015.[1]  Furthermore, the circuit court's order contained in the records is a summary order simply stating that the motion was overruled without enumerating any reasons.  Without further information concerning the evidence presented to and considered by the lower court, we are foreclosed from review and must presume that no abuse of discretion occurred in the trial court's decision.  *See* Tenn. R. App. P. 24

---

[1] The circuit court's order denying appellant's motion states that the issue was "heard on the 3rd day of March[] 2015."

(providing that it is the appellant's duty to prepare a fair, accurate, and complete record on appeal to enable this court to conduct a meaningful review).  Therefore, appellant has waived judicial review of this issue by failing to provide a complete record on appeal.

## C. Failure to Have a Final Forfeiture Hearing

Appellant also argues that because the general sessions court did not have a hearing prior to entering the final forfeiture, appellant should be exonerated from liability.  A trial court must afford a bonding company or surety "an *opportunity* to establish its suitability for relief" before a final forfeiture.  *In re Sanford & Sons Bail Bonds, Inc.*, 96 S.W.3d 199, 204 (Tenn. Crim. App. 2002) (emphasis added).  While appellant argues that a hearing was not conducted in general sessions court prior to the final forfeiture, the scire facias issued by the general sessions court on May 23, 2014, shows that appellant was provided the *opportunity* to be heard on the issue.  The scire facias states, "and the [conditional forfeiture or judgment] will be made final unless [Danny Blankenship Bonding Co.] appears on 12/31/2014 at 8:30 AM in the General Sessions Court and show cause to the contrary."  As such, appellant is not entitled to relief on appeal.

## CONCLUSION

Based on the parties' briefs, the record, and the applicable law, we affirm the judgment of the circuit court.

_____
JOHN EVERETT WILLIAMS, JUDGE